# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA,

## JULY TERM, 1865.

---

FRANCIS M. THORNTON

*v.*

ELIZA SMITH *et al.*

The continuer of a nuisance, created by another, is entitled to notice to remove the same, before action brought for its abatement.

This action was commenced in May, 1864, in the Hennepin County District Court, by Francis M. Thornton, plaintiff, against Eliza Smith, William R. Smith, Emily Webb and Edward Webb, defendants. The complaint alleges, that the plaintiff since the 12th day of April, 1860, has been and now is the owner of certain described lands in Hennepin county, through which a stream known as " Little Falls Creek" runs; that in 1856, a dam was built across said creek, upon adjoining

lands, to furnish water for the "Richland Mill," and that by the erection of such dam, the lands now owned by plaintiff were overflowed; that in 1862, one Asa Smith purchased the dam and premises (said mill), and died in 1863, leaving the property by will to his wife, Hannah C. Smith; that in 1863, defendant, William R. Smith, took away and removed said dam, and built another dam at the same place; that said last mentioned dam caused plaintiff's lands to be overflowed to a greater extent than the former dam; that in 1863, said Hannah C. died, leaving the property to said William R., who subsequently conveyed one-third thereof to the said Emily Webb, and two-thirds to one Thayer, who conveyed the same to said Eliza Smith, wife of said William R. Smith; that said Emily Webb and Eliza Smith (defendants) owners of the premises, by and through their agent, the said William R., maintain said last mentioned dam, and thus continue the overflow of plaintiff's lands, to his damage, &c; that neither of said dams were ever erected according to the statute in such case made and provided, and that neither of the said defendants, or any other person, ever obtained any right to erect such dams, or overflow any of said lands; that said defendants have been requested to remove such dam, which they have not done, and continue to maintain the same, to the injury of plaintiff. Prayer that the court order defendants to remove said dam, &c.

The answer for a second defense avers, that the dam alleged to have been erected in 1863, was simply a rebuilding of the old dam at the same point, and of no greater hight, and was made necessary by the decay of the old dam; and that said dam first built, and subsequently rebuilt, has been erected and maintained for more than two years next prior to the commencement of this action, &c.,  *  *  *  and that the patent for said lands owned by plaintiff, was issued by the United States long prior to the beginning of the said period of two years next preceding the commencement of this action.  The

Thornton v. Smith et al.

plaintiff demurred to such defense on the ground that the same did not state facts sufficient to constitute a defense; and that the "statute of limitations" is not applicable in defense to the relief sought by plaintiff in this action.

The demurrer was brought on for argument, before the Hon. Chas. E. Vanderburg, who rendered a decision thereon, as follows:

" The plaintiff demurs to the second defense in the answer, on the ground that the facts therein stated do not constitute a defense. At common law, the remedy in this class of cases was an action on the case for damages; but equity also exercised concurrent jurisdiction in such cases, and upon a proper state of facts, would always interfere, by injunction, to restrain the continuance of a nuisance, as well as to prevent its creation. Both of these remedies are substantially recognized and continued in the statute now in force in the State, whatever may be the particular form of action. Pub. Stat. page 596, sec. 15.

" It does not seem to me that the two years statute of limitations set up in this defense, cuts off the equitable right of action to have the nuisance abated, where a proper case is made. But in this action, among other facts, standing admitted upon the record under the demurrer, it appears that the defendants did not create the nuisance; that the dam was built in 1856, and repaired in 1863, and that the title and possession passed to them subsequently. And while it is true that the continuance of a nuisance, is, in law, a new nuisance, yet in cases where the dam, or other nuisance was not erected or caused by a party, but simply continued, he should be allowed to abate it, on notice, without suit, before being sub jected to an action. It is quite well settled that the defendants will not be liable for continuing a dam, and flowing the land as before, except on proof of notice, and special request to remove the nuisance. Angell on Watercourses, sec. 403.

" There must, therefore, be judgment upon the demurrer for defendants, with leave to the plaintiff to withdraw his demurrer and amend his complaint."

The plaintiff appeals from the order overruling the demurrer.

WILSON & McNAIR, for appellant.

I.   The court below, in deciding that the action to abate nuisance could not be brought against the grantee of the nuisance without request of removal, erred in not making distinction between suits for damages, and mere proceedings for abatement, and the authority cited on that point refers entirely to actions at law for damages.  Angell on Watercourses, sec. 403.

II.   Where no damages are sought, the action is in the nature of one testing title, and the party maintaining a nuisance, can claim no other notice than the commencement of the action.   The reason requiring notice in an action for damages, fails in this, as all trouble can be avoided by not defending, and the court can, while giving judgment for abatement, still adjudge plaintiff to pay costs.   Daniels Ch. Pl. and Pr. 15, 16.

III.   Under Minnesota law, the right of flowage can only be obtained by grant, twenty years' occupancy, or following the mode prescribed in Comp. Stat. Ch. 129.

IV.   The facts of unauthorized flowage set forth in the complaint, constitute a nuisance.   Comp. Stat. 596; 3d Blackstone, 5; 20 Com. Law Rep. 726; Angell on Watercourses, 330.

V.   An action can be brought for damages and abatement jointly, or either maintained, abandoning the other, for private nuisance.   Comp. Stat. 596; Whittaker N. Y. Pr. Vol. 1, 331, 415 ; Story's Eq. Jur. 924.

Thornton v. Smith et al.

VI. The plaintiff was entitled to judgment on the demurrer, because the defense was a statute of limitations, only applicable to a suit for damages. Comp. Stat. sec. 17, p. 849.

F. R. E. Cornell, for respondents.

I. On demurrer to an answer, the facts therein alleged, and those stated in the complaint which are not inconsistent therewith, are to be taken as admitted. *Graham v. Dunnigan*, 6 Duer 629; S. C. 4 Abbots Pr. 426.

II. The complaint is fatally defective in not stating facts sufficient to constitute a cause of action, assuming, as we must, the truth of the answer. Hence judgment must be given against the plaintiff, as the party committing the first fatal fault in pleading. *Fry v. Bennett*, 5 Sand. R. 54; 12 Barb. S. C. R. 573, 18 Ib. 260; *Stratton v. Allen & Chase*, 7 Minn. R. 502, and cases cited under first point.

III. It is not alleged in the complaint that the owners of the mill dam and property, the defendants, Emily Webb and Eliza Smith—ever in any respect changed the condition of the property; nor that they ever had any notice that plaintiff's lands were overflowed by reason of the dam; nor that it was a nuisance; nor that plaintiff ever specially requested them to remove the dam. Under these circumstances the action is not maintainable; such notice, and a special request to remove the dam, must be alleged and proved. Sanders Pl. & Ev. (5th Am. Ed.) Vol. 2, Part 1, p. 463; Stephens Nisi Prius, Vol. 3, p. 2364; *Brent v. Hadden*, Cro. Jac. 555; Penruddocks Case, 5 Coke, 100; Chitty Pl. (Vol. 2, p. 333, N. C.); *Hubbard v. Russell et al.*, 24 Barb. (N. Y.); *Beaver v. Fummer & Cole*, 1 Dutcher, (N. J.) 917; *Pierson v. Glean*, 2 Green, (N. J.) 36; 3 N. H. 88, 9 Ib. 88; 13 Conn. 303, 44 Maine, 154; 30 Ala. 318.

*By the Court*—BERRY, J.—This action is brought to effect the removal of a dam by which the appellant claims that the water of Little Falls Creek is so raised as to overflow and damage his land. In their second defense the respondents rely upon the statute of limitations found in "an act relating to mill-dams and mills" on page 849, Pub. St. Sec. 17. To this defense the plaintiff demurs; and the demurrer brings before the court the question whether the complaint states facts sufficient to constitute a cause of action. *Stratton v. Allen et al.*, 7 Minn. 505.

It is insisted by the counsel for the respondents, that the complaint is insufficient in failing to allege a special demand for the removal of the nuisance complained of, before action brought. We think the complaint is in this respect justly open to objection. We understand the facts and the law to be substantially as stated by the learned judge below in his decision upon the demurrer, as follows: " In this action among other facts standing admitted upon the record under the demurrer, it appears that the defendants did not create the nuisance; that the dam was built in 1856, and repaired in 1863, and that the title and possession passed to them subsequently. And while it is true that the continuance of a nuisance is in law a new nuisance, yet in cases where the dam or other nuisance was not erected or caused by a party, but simply continued, he should be allowed to abate it, on notice, without suit, before being subjected to an action."

We think the principle here enunciated is sustained by the following authorities: 1 Ch. Pl. 83, 387, 330; 2 Ib. 770 (note h) 2 Starkie Ev. 745; 1 Hilliard on Torts, 657, Ib. 710, and cases cited in note. *Waggener v. Jermaine*, 3 Denio, 308; Angell on Watercourses, Sec. 403; 2 Kernan, 493-4; 13 Conn. 303; 44 Maine, 154; *Snow v. Cowles*, 2 Foster, (N. H.) 96; *Hubbard v. Russell*, 24 Barb. (S. C.) 407.

But it is insisted by the counsel for the appellant, that the authorities on this question of notice only go to show that

notice is necessary where the action is brought to recover *damages* arising from a nuisance, and do not apply where the relief sought is an *abatement* of the nuisance complained of and no claim for damages is made. This may be quite true in regard to some of the authorities cited above, but it is to be observed that most of them lean upon Penruddocks Case, 5 Coke, 100, in speaking of which in *Brown v. Cayuga and Susquehanna R. R. Co.*, 3 Denio, 492, Mr. Justice Denio gives as the reason why notice was required in that case, that the action was a *quod permittat*, in which an *abatement* was sought. The counsel for the appellant urges, as a reason why a request to remove should not be held necessary where an abatement is sought, that the continuer of the nuisance can avoid all trouble by not defending, and the court, while giving judgment for abatement, still adjudge that the plaintiff shall pay costs. As a practical matter however, prudence would require the defendant to appear and maintain whatever rights he might have, for it may be that only part of the dam ought to be removed, and it is altogether probable, as business is usually transacted, that costs would be adjudged against him unless objection was made on his behalf. And if he should appear and recover costs upon a disclaimer of all right to maintain the dam, still under our system costs are not compensatory as a matter of fact. On the argument of this case we were requested by the counsel for the appellant to determine the question directly raised by the demurrer, that is, whether the statute of limitations found in the mill-dam act is applicable when the action is brought, not for damages, but for an abatement of the nuisance complained of, but we forbear to do so, at this time, because such determination is not requisite to a decision, and because the counsel for the respondents, relying upon the point on which we decide the case, expressly declines to furnish argument or authorities upon the subject.

The order overruling the demurrer is affirmed, and the action remanded.