## SLIGHT VS. GUTZLAFF.

NUISANCE. (1) *Notice to grantee to abate, when necessary before action for damages.* (2) *Lime-kiln, when a continuing nuisance.*

1. Where a lessee or grantee *continues* a nuisance, of a nature not essentially unlawful, erected by his lessor or grantor, he is liable to an action for it only *after notice* to reform or abate it.
2. Where a lime-kiln has once been erected and used, its subsequent use in the course of the business, if a nuisance, is a *continuing* one, bringing it within the rule above stated; and each successive burning of lime therein is *not* to be regarded as an *original* nuisance.

APPEAL from the Circuit Court for *Dodge* County.

Action commenced in justice's court to recover ,damages alleged by plaintiff to have been suffered by him through the maintenance of certain lime-kilns by defendant, and the burning of lime therein, upon lands adjoining plaintiff's residence, in consequence of which noxious and noisome gases, vapors, smoke and cinders were carried over upon plaintiff's premises, to his great annoyance and detriment. Answer, a general denial. From a judgment for the defendant, plaintiff appealed to the county court of Dodge county; and the venue was then changed to the circuit court for the same county.

The proofs showed that the defendant had been in possession of the kilns only about six months prior to the commencement of the action, and that they had been constructed, maintained and used for many years in their present position by his lessor. It appeared that no demand had been made upon the defendant, before action, to abate or discontinue the alleged nuisance. Defendant's motion for a nonsuit upon this ground was denied, and likewise an instruction asked by him to the effect that the jury must find for the defendant for want of such notice.

Verdict for plaintiff, for twenty-five cents damages; and from a judgment for such damages, and for costs, defendant appealed.

*Mulberger & Gardner*, for appellant, as to the necessity of a demand upon the defendant, cited 2 Greenl. Ev., 427 ; *Pierson v. Glean*, 2 Green (N. J.), 36, and cases there cited ; *Johnson v. Lewis*, 13 Conn., 303, and cases ; *Beavers v. Trimmer*, 1 Dutch. (N. J.), 97, and cases ; *Huckenstine's Appeal*, 70 Pa. St., 103 ; *Grigsby v. Clear Lake Water Co.*, 40 Cal., 407, and cases ; *West v. R. R. Co.*, 8 Bush (Ky.), 407 ; *Ray v. Sellers*, 1 Duvall (Ky.), 256 ; *Thornton v. Smith*, 11 Minn., 15 ; *Doellner v. Tynan*, 38 How. Pr., 176 ; *Woodman v. Tufts*, 9 N. H., 88.

*D. Hall*, for respondent :

1. The acts complained of constitute a nuisance. *Fish v. Dodge*, 4 Denio, 311. 2. The nuisance is not a continuous one, but depends upon the voluntary and willful act of the defendant. The bare walls of the kiln leased by defendant were not a nuisance in and of themselves, but were a part only of the means used by him to effect the nuisance, and each burning of the kiln formed a fresh nuisance. The wrong charged is defendant's own and not another's, in any sense that can relieve him from its legal consequences. *Norton v. Volentine*, 14 Vt., 239 ; Washb. Easm., 571, 663-4 ; *Caldwell v. Gale*, 11 Mich., 77 ; *Irvin v. Wood*, 4 Rob., 138 ; *Brown v. Cayuga & S. R. R. Co.*, 2 Kern., 486 ; *Noyes v. Stillman*, 24 Conn., 15-27 ; *Carleton v. Redington*, 21 N. H., 291 ; *McDonough v. Gilman*, 3 Allen, 265. 3. Defendant's general denial does not put in issue the question of demand, and his objection for want of such demand is therefore not well taken. *Gregory v. Hart*, 7 Wis., 532 ; *Gill v. Rice*, 13 id., 549 ; *Brown v. Cayuga & S. R. R. Co.*, *supra*.

RYAN, C. J. The appellant is lessee of lime kilns, erected and used by his lessor before the demise, near the dwelling of the respondent, in a lime-burning locality. And the action is for erecting and maintaining the kilns, as a private nuisance.

Lime-burning is one of many lawful and necessary processes which may become a nuisance. Whether one can establish his

abode amongst lime-kilns, and abate them all except his own, as nuisances (*Rex v. Neville,* Peake, 91; *Rex v. Watts,* 1 Moody & Malk., 273; *Baneford v. Turnley,* 3 Best & S., 62; *Tipping v. Smelting Co.,* 4 id., 608; *Huckenstine's Appeal,* 70 Pa. St., 102), is a question which we are not called upon to decide in this case. For we are clearly of opinion that, if the appellant's use of the lime-kilns be a nuisance, it is a continuing nuisance. He did not erect the kilns, or establish the business of burning lime in them. He rented the lime-kilns as such, and continued their use as such. He erected or established nothing; he only succeeded to what had been before erected and established.

When a lessee or grantee continues a nuisance, of a nature not essentially unlawful, erected by his lessor or grantor, he is liable to an action for it, only after notice to reform or abate it. This has never been doubted in England since it was so held in *Penruddock's Case,* 5 Coke, 100. The rule is very generally recognized in this country. *McDonough v. Gilman,* 3 Allen, 264; *Woodman v. Tufts,* 9 N. H., 88; *Pierson v. Glean,* 2 Green, 36; *Huckenstine's Appeal, supra; Johnson v. Lewis,* 13 Conn., 304; *Thornton v. Smith,* 11 Minn., 15; *West v. R. R. Co.,* 8 Bush, 404; *Grigsby v. Water Co.,* 40 Cal., 396. In one case it has been extended in a manner we should hesitate to sanction. *Ray v. Sellers,* 1 Duvall, 254. It is criticised by the court in *Norton v. Volentine,* 14 Vermont, 239, and more seriously questioned in *Caldwell v. Gale,* 11 Mich., 77, and denied by Denio, J., in *Brown v. R. R. Co.,* 12 N. Y., 492. But it was not necessarily involved in any of those cases, which turned on other points. And we think that the rule is a just and reasonable one, doing no wrong to the party injured, and protecting the lessee or grantee from surprise and hardship. We therefore adhere to the rule, in the language of C. J. Hornblower, " as well upon the good sense and common justice of the case, as upon the ground of venerable and unquestioned authorities."

The authority of the rule drove the learned counsel for the

respondent into a very ingenious argument, that it is not the structure, but the use only, which constitutes the nuisance ; and that every new act of use is an original nuisance. The same might be as well said of most, perhaps of all, manufacturing nuisances. In such cases, the building is not of itself a nuisance; that depends on the use; and, ceasing the use, the nuisance ceases. But the use is dependent on the building; and the building, erected for the use, goes to the nuisance. Upon abatement, so much or all of the building as may be necessary, is demolished. When a building is erected for a use which works a nuisance, and the use is established in it, the nuisance is created, and continues till the use is abandoned. It remains a continuing nuisance, although the use be, in its ordinary course or by accident, suspended at times, until it be so suspended as to operate as an abandonment. The same position taken for the respondent here was taken by counsel in *Johnson v. Lewis, supra,* and pronounced by the court to be novel and unsustained by any authority.

A lime-kiln is a structure fit only for burning lime. Once erected and used, its subsequent use in the course of the business, if a nuisance, is a continuing one. Each successive burning of lime is not an original nuisance. If the respondent could have maintained this action, as for an original nuisance, he might have prayed and recovered judgment of abatement. What could he abate in that case, upon the view of his counsel? Only the very burning for which he brought the action, if he could catch it alive. And catching and abating it by putting out the fire, he must stand by and see the appellant begin a new burning, which would be another nuisance, not covered by his judgment; and the respondent's remedy by abatement would manifestly end in smoke.

Here was no notice to the appellant to abate the nuisance, pleaded or proved ; none apparently given, for the respondent's conduct might, on the contrary, imply a license or assent. And

as the point is directly raised by the exceptions, the judgment of the court below must be reversed.

*By the Court.* — Judgment reversed.