[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 488 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 489 
The defendants upon the trial contended that inasmuch as they had no agency in placing or building the obstruction in the stream, or in making the excavation or sluice-way through the bank, but both had been done by the Ithaca and Owego Railroad Company, long before the defendants were incorporated or became interested in the railroad, they were not liable. The court *Page 490 
refused to nonsuit the plaintiffs on this ground or to rule, or instruct the jury in accordance with the defendants' positions, and decided, as matter of law, that the defendants were liable on the case as proved. It is now contended by the defendants that the bill of exceptions does not show any evidence of a request from the plaintiffs to the defendants to restore the ancient condition of the banks of the creek or to replace certain guards originally erected by the Ithaca and Owego Railroad Company, to prevent the flow of the water out of its channel, which had decayed and been carried away before the defendants came into possession of the railroad. If this matter be important to the rights of the parties, the defendants should have taken their ground upon it at the trial. If they had done so, the plaintiffs might have supplied the defect, if it be one. The request is properly averred in the complaint, and as no point was made at the trial upon the absence of proof of it, and the defendants put themselves upon ground which, if sustained, would render proof of request immaterial, they cannot now raise the objection. The case must therefore be considered as if such proof had been given.
The injury complained of was occasioned by the flooding of the plaintiffs' lands in consequence of an alteration of the banks of the creek and an obstruction of its channel. This is such a state of facts as would give to the plaintiffs an action against a private person for the resulting injury upon the plainest principles. (Angell on Water Courses, § 331, a.)
The question then is whether this company, or the Ithaca and Owego Railroad Company, has received any authority from the legislature, which protects them from the responsibility which the law would impose upon a natural person under the same circumstances. The 10th section of the act, incorporating the Ithaca and Owego Railroad Company (Laws 1828, p. 17), provides that the corporation "may construct the railroad across or upon any road, highway, stream of water or water-course, if necessary; but *Page 491 
shall restore such road, highway, stream of water or water-course thus intersected to its former state; or in a sufficient manner not to have impaired its usefulness or value to the owner." The 11th section of the act incorporating the defendants (Laws
1843, p. 305) provides that whenever it shall be necessary to intersect or cross any stream of water or water-course, or any road or highway, it shall be lawful for the corporation to construct their road across or upon the same, but in such a way as not to impair its usefulness. The question is, in the first place, one of construction, whether the language of the legislature purports to exempt these corporations from that measure of responsibility which would attach to the owner of the stream and of the land on both sides of it, who chose upon his own land to build a bridge across or a dam upon it. I think it does not require and should not receive such a construction. Whether the streams to be crossed happened to be public highways or private water-courses, the corporation, not being owners, required legislative authority to cross them with their road. This the act gives them, providing only for the benefit of persons interested in the use of the waters crossed, that the usefulness of the streams shall not be impaired. This confers upon the company authority to cross the streams with their road, but it would be a great stretch upon the language and an unwarrantable imputation upon the wisdom and justice of the legislature to hold that it imports an authority to cross the streams in such a manner as to be the cause of injury to others owning adjoining property. They were bound, in crossing the stream with their road, by the same obligation which would have bound a private owner of the land and stream had he bridged it. The case of Lawrence v. The Great Northern Railway Co. (16Ad. El. 643), is precisely in point. The action was for constructing a railway without leaving sufficient openings for the passage of flood waters, whereby the waters were forced upon the plaintiff's lands. It was held that though the road was built *Page 492 
where the act pointed out that it should be, yet that as by proper caution they might have avoided the injury which the plaintiff had sustained, they were liable to the action. See alsoRochester White Lead Co. v. City of Rochester (3 Comst.,
463), and Radcliff v. Mayor of Brooklyn (4 Comst., 195).
The judgment should be affirmed.