LEVI L. BROWN PAPER COMPANY *vs.* RANSOM B. DEAN.

Berkshire. Sept. 11. — Oct. 18, 1877. ENDICOTT & LORD, JJ., absent.

An agent, who merely carries on a mill for the owner's benefit, is not liable for its dam, a permanent structure, being maintained at too great a height, whereby the water is set back to the injury of another mill-owner.

TORT for the obstruction, from July 3, 1873, to March 3, 1875, of the machinery of the plaintiff's mills in Adams, by water set back by a dam built by Horatio N. Dean, in 1860;

lower down the stream. Writ dated March 3, 1875. The case was tried in the Superior Court, before *Dewey*, J., with the preceding case, who reported it for the consideration of this court in substance as follows:

The plaintiff corporation was duly organized on June 11, 1873, and the mill property and rights of the firm of Levi I. Brown and others were duly conveyed to the plaintiff. Horatio N. Dean died intestate on August 15, 1872; and after his decease the defendant, who was his son and copartner, continued to carry on the mill business in the same manner it had been previously carried on, until January 6, 1873, when the heirs of Horatio N. Dean conveyed the mill property to the widow and daughters of Horatio N., and after that date the business of the mills was carried on by the defendant on their account, and acting as their agent, he having a power of attorney from them, dated January 6, 1873, the material parts of which are printed in the margin.*

The defendant contended that on these facts he was not personally liable for any damages arising from maintaining the dam as alleged, and took the same exceptions as in the preceding case, excepting that relating to the survival of the action. The jury returned a verdict for the plaintiff. If the exceptions in the preceding case were sustained upon any other ground, except that no action for the alleged cause could be maintained against

---

* "Know all men by these presents: That Mary Dean, Ann Maria Dean and Celestia D. Arnold, all of the town of Owego, Tioga County, N. Y., comprising the firm of H. N. Dean & Son, have made, constituted and appointed, by these presents do make, constitute and appoint, Ransom B. Dean, of South Adams, Massachusetts, our true and lawful attorney, for us and in our stead, to transact all the business connected with the tannery now owned by us. That is to say, the entire care of the business and management of the same, in the purchase of stock, hiring of labor, payment of debts, collecting of outstanding claims ; and we fully and severally empower the said Ransom B. Dean to sign the said firm name of H. N. Dean & Son, for all purposes of carrying on said business of tanning, and we hereby fully authorize him to sign the said firm name of H. N. Dean & Son, and do hereby consider ourselves as fully bound and obligated by said signature as fully as we could or would do had we signed it ourselves, in all matters of business pertaining to the purchase and tanning of hides, and to incur any obligation he may deem necessary for the best interest of the said firm and business."

an administrator, then the verdict in this case was to be set aside, and the case stand for a new trial. If those exceptions were not sustained for any other cause, judgment was to be entered on the verdict in this case, unless the court should be of opinion that, upon the facts herein stated, this action could not be maintained against the defendant, in which case the verdict was to be set aside, and judgment entered for the defendant.

*H. L. Dawes,* (*M. Wilcox* with him,) for the plaintiff, cited *Bell* v. *Josselyn,* 3 Gray, 309; *Hewett* v. *Swift,* 3 Allen, 420, 425; *Wamesit Power Co.* v. *Allen,* 120 Mass. 352; *Brown* v, *Lent,* 20 Vt. 529; Washburn on Easements, 571.

*T. P. Pingree & J. M. Barker,* (*F. O. Sayles* with them,) foɪ the defendant.

COLT, J. The injury to the plaintiff's mills was caused by the backwater of a dam on adjoining premises below. For such au injury, an action lies either against the one who erected the dam, or against subsequent owners or occupants who, after notice, continue to maintain the obstruction. *Staple* v. *Spring,* 10 Mass. 72. *McDonough* v. *Gilman,* 3 Allen, 264, 267. *Nichols* v. *Boston,* 98 Mass. 39, 43.

In the case at bar, the dam complained of was erected by Horatio N. Dean in his lifetime, while owner of the property, to supply water for the use of his tannery. The defendant had nothing to do with its construction. Before the time covered by the declaration in this case, Horatio N. died, and the defendant, having no title to the premises, became the agent of the present owners, and carried on the business at the tannery for their benefit under a power of attorney from them. During the time complained of, there was no change in the height or structure of the dam in question. It was a permanent structure, and the defendant had neither ownership, possession, nor such control as would authorize him to change or remove any such structure erected upon the premises by the owner. The defendant, by the power of attorney, was only employed to carry on the business of purchasing and tanning hides. There is no claim that the premises of which the defendant had charge, and which were not in themselves a nuisance by causing backwater, had become a nuisance by the manner in which the defendant had used them. The nuisance here was created by the dam itself.

The injury complained of is therefore not shown, by the facts reported, to have been caused by any act of the defendant, authorized or unauthorized, connected with either the erection or maintenance of the alleged obstruction. *Carleton* v. *Redington*, 1 Foster, 291. *Noyes* v. *Stillman*, 24 Conn. 15. *Pillsbury* v. *Moore*, 44 Maine, 154.

In *Bell* v. *Josselyn*, 3 Gray, 309, cited by the plaintiff, there was a positive act of negligence on the part of the agent who had charge of the building, from which the plaintiff suffered, and not from a nuisance created or maintained by the owners.

In *Wamesit Power Co.* v. *Allen*, 120 Mass. 352, all the defendants actively participated in the wrong charged.

*Judgment for the defendant.*