[No. 9686.   Department Two. — March 25, 1887.]

## HENRY PIERCE, RESPONDENT, *v.* GERMAN SAVINGS AND LOAN SOCIETY, APPELLANT.

NUISANCE ON REAL ESTATE — LIABILITY OF PURCHASER. — Where a person with full knowledge of the existence of a nuisance upon real estate, for which the owner would be liable, purchases the reversionary interest therein, and receives the rents thereof from the tenant in possession, he thereby voluntarily assumes the responsibility for the nuisance, and becomes liable for the damages caused thereby subsequent to his purchase.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*Jarboe, Harrison & Goodfellow,* for Appellant.

A landlord is not liable for a nuisance which is caused by the act or neglect of his tenant. (*Mayor* v. *Corlies,* 2 Sand. 301; *Clancy* v. *Byrne,* 56 N. Y. 129; *Swords* v. *Edgar,* 59 N. Y. 28; *Ditchett* v. *S. D. R. R.,* 67 N. Y. 425; *Leonard* v. *Stover,* 115 Mass. 86; *Rich* v. *Basterfield,* 4 McG. & S. 805; *Pretty* v. *Brickmore,* L. R. 8 Com. P. 401; *Russell* v. *Shenton,* 3 Ad. & E., N. S., 458.)

*E. F. Swortfiguer, George A. Wentworth,* and *Lloyd Baldwin,* for Respondent.

The defendant is liable for the damage caused by the nuisance after its purchase. (Civ. Code, sec. 3483; *Grady* v. *Wolsner,* 46 Ala. 381; *Rosewell* v. *Pryor,* 2 Salk. 460; *Tuberville* v. *Stamp,* 1 Salk. 19; *Rex* v. *Pedley,* 1 Ad. & E. 822; *Thompson* v. *Gibson,* 7 Mees. & W. 456; *Wenzlick* v. *McCotter,* 87 N. Y. 127; *Brown* v. *Cay. & S. R. R. Co.,* 12 N. Y. 486.)

SEARLS, C. — This action is brought to recover damages claimed to have been sustained from a nuisance

maintained upon the premises of the defendant, adjoining those of the plaintiff.

The cause was tried by a jury, and a verdict rendered in favor of the plaintiff for $1,050, for which sum judgment was entered. Defendant appeals from the judgment, and from an order denying a new trial.

The facts shown by the evidence are that the plaintiff and the defendant are the owners of contiguous lots of land on Montgomery Street in San Francisco, separated by a party-wall; that the plaintiff has been the owner of his lot of land for upward of twenty years, and that the defendant has been the owner of the adjacent lot of land since August 3, 1882; that upon the premises of the defendant there has been maintained a steam-bathing establishment for ten or twelve years, and that by the manner in which the said bathing establishment had been maintained, the plaintiff had sustained damage.

It also appeared that the said steam-bathing establishment was placed there by the former owner of the premises, and during the period of the alleged nuisance and damage was maintained by one Justin Gates, who was in possession under a lease from August Alers, the owner of the said premises at the time of making said lease.

Gates had been in possession of the premises, and had maintained the steam-bathing establishment since January 1, 1880. He had taken a new lease from Alers January 11, 1882, for the term of two years, and had remained in possession under that lease until after the commencement of this action.

While Gates was so in possession of the premises under this lease, Alers, on the 3d of August, 1882, conveyed the premises to the defendant, and after that date Gates attorned to the defendant and paid it the rent provided for in the lease. In the summer of 1883 the premises were repaired by the defendant, and since then no damage has been sustained.

It would seem that the injury complained of commenced as early as 1881, and in January or February of 1882 plaintiff notified August Alers of the fact; that Alers then claimed to have nothing to do with the property, and referred plaintiff to the defendant as the owner. Defendant held a mortgage upon the property, but did not become the owner thereof until August 3, 1882, as before stated.

Prior to and at the time of becoming the owner of the property, defendant had full notice of the existence of the alleged nuisance.

Section 3483 of the Civil Code provides that "every successive owner of property who neglects to abate a continuing nuisance upon or in the use of such property, created by a former owner, is liable therefor in the same manner as the one who first created it."

Addison in his work on Torts states the rule as applicable to the facts of this case thus: —

"If a nuisance be created on the premises, and a man purchase the premises with the nuisance upon them, though there be a demise for a term at the time of the purchase so that the purchaser has no opportunity of removing the nuisance, yet by purchasing the reversion with the existing nuisance, he makes himself liable for the continuance of the nuisance."

The doctrine thus enunciated is taken from the opinion of Littledale, J., in *Rex v. Pedley*, 1 Ad. & E. 827, and the learned judge proceeds to say: "But if, after the reversion is purchased, the nuisance be created by the occupier, the reversioner incurs no liability; yet, in such a case, if there were only a tenancy from year to year, or any short period, and the landlord desired to renew the tenancy after the tenant had erected the nuisance, that would make the landlord liable. He is not to let the land with the nuisance upon it."

This limitation of the liability of the landlord, in cases where he has no right of entry to abate a nuisance created

by the tenant after the demise, comports with justice. On the other hand, the landlord who demises premises with a nuisance existing thereon is a consenting party thereto.

In the present case, the former owner of the premises created the nuisance and demised the same with such nuisance upon them to Dr. Gates.

Thereafter defendant, with full knowledge of the nuisance and of the tenancy, purchased the reversion, and received the rent from the tenant, who attorned to it, and during this state of things plaintiff sustained the damage for which he had verdict and judgment.

He who with full knowledge of the existence of a nuisance upon real estate, for which the owner would be liable, purchases the reversionary interest in such real estate, and receives the rents thereof from the tenant in possession, thereby voluntarily assumes the responsibility of such nuisance, and becomes liable for the damages sustained in consequence thereof, subsequent to his purchase.

The instructions of the court below were in consonance with this theory, and the judgment and order appealed from should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.