Pratt, J.
We regard Brown v. Railroad Co., 12 N. Y. 486, as an authority that defendants may be held responsible for injuries now taking place, 'though the original acts from which these injuries spring were performed by " their predecessors in title. If the duty which devolves upon a railroad company to restore and maintain a stream in its original bed, after it has been -'temporarily diverted for purposes of construction, could be avoided by a transfer of ownership, the rights of land-owners would he much imperiled. We • think the duty is transferred with the property. The statute of limitations is ¡invoked by defendants. It is argued that as the digging which at last re•sulled in changing the river bed was done in 1880, more than six years before ¡this action was begun, the cause of action arose in 1880, and is barred by the •statute. It appears that the change in the bed of the stream did not take place -at once, upon the excavation of the new channel. The filling up and final ■obliteration of the ancient channel was a work of time, and is not shown to ¡have taken place more than six years before action brought. Even did that fact appear, it may well be doubted whether the statute would apply, but that ■question need not be determined. Judgment affirmed, with costs.
Dykman, J., concurring.