MILLER, APPELLANT, v. STAPLES, APPELLEE.

SERVANT'S LIABILITY.
A servant is liable in damages to a third person for the negligent performance of his master's business.

*Appeal from the County Court of Larimer County.*

Messrs. ROBINSON & LOVE, for appellant.

No appearance for appellee.

BISSELL, J., delivered the opinion of the court.

If the servant or agent can be held liable for the misfeasance resulting from the improper doing of an act otherwise lawful while engaged in the service of the master, or the transaction of the business of his principal, this judgment must stand.

In June, 1889, one Mellon was engaged in the business of raising and handling horses in North Park, Colorado. At that time the appellee, Staples, placed four mares with him for breaking and service. It appears that the mares were aged animals, requiring some trouble and care to fit them to use. In the following August, Edward Miller, the appellant, was working on Mellon's ranch as a hand, for current wages. On the 17th of the month, while the stock was running with

other animals, Miller was directed by his employer to separate two of Staples' mares from the balance of the herd, and to put them in another part of the corral for the purposes of handling and breaking. There is a little uncertainty whether Miller was at that time directed to rope the mares or simply ordered to separate them. In any event, after he had cut them out of the herd and driven them into the corral, he proceeded to rope them that they might proceed with the breaking. Who threw the rope to catch the horses is not clearly shown, but this is immaterial. The rope was thrown over the head of one of the mares, and Miller undoubtedly had hold of it, seeking to handle and manage her. The animal was thrown to the ground, and, according to Mellon's testimony, within two or three minutes from the time the horse was on the ground, he was there attempting to put a hackamore on her head. When this was done, and they attempted to let the mare up, it was discovered that she was dead. According to the testimony it not infrequently happens that in roping an aged horse, the horse is killed by breaking its neck; but it would seem that a fatality does not otherwise occur in that method of catching horses, except by the inexcusable negligence and carelessness of the roper. It will be assumed from the record that the mare was killed by choking, and that this resulted from Miller's negligence. This would subject both Mellon and Miller, or one of them, to legal responsibility for the loss of the stock.

This statement clears the way for an easy settlement of the query propounded at the commencement of this opinion.

The frequent attempts of agents to escape responsibility for their negligent acts by shielding themselves behind the principal whose business they may be transacting when the injury is done, has led to many discussions as to the proper limits of the defences based on the employment. The rule is pretty well settled that while both principal and agent are liable for the injuries which may come to a third person from the agent's misfeasance or malfeasance, the injured party may elect to sue one or the other, or both, at his pleasure.

Doubtless the primary responsibility rests on the principal as to the agent's misfeasance, and he should be called upon to answer for the damages resulting from the negligent performance of his agent, yet the servant or agent may likewise be sued and he cannot escape by asserting that what he did was done while working for his master. *Harriman v. Stowe*, 57 Mo. 93; *Bell v. Josselyn*, 3 Gray, 309; *Brown Paper Co. v. Dean*, 123 Mass. 267; *Horner v. Lawrence*, 37 N. J. L. 46; *Phelps v. Wait*, 30 N. Y. 78; *Feltus v. Swan*, 12 Miss. 415; *Powell v. Deveney*, 3 Cush. 300.

Since it is established by these authorities that the agent is liable for the damages resulting from his negligent doing of the acts proven against him, it is manifest that the judgment entered against him was right and that it must be affirmed.

*Affirmed.*