# Cases

# FOURTH DEPARTMENT

## GENERAL TERM,

### February, 1894.

JOSEPH C. DRAKE, Respondent, *v.* THE NEW YORK, LACKAWANNA AND WESTERN RAILWAY COMPANY, Appellant.

*When a railroad company is negligent in not providing a sufficient sluiceway.*

The facts and circumstances considered which present the question, to be determined by a jury, whether, in the exercise of reasonable diligence, a railroad company should have made a larger sluiceway through its roadbed, and as to whether, if it was negligent in not doing so, such negligence caused injury to real estate.

APPEAL by the defendant, The New York, Lackawanna and Western Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chemung on the 5th day of April, 1893, upon the verdict of a jury for $1,216, after a trial at the Chemung County Circuit, and also from an order entered in said clerk's office on the 30th day of March, 1893, denying the defendant's motion for a new trial.

*Robert T. Turner*, for the appellant.

*Reynolds, Stanchfield & Collin*, for the respondent.

HARDIN, P. J.:

Plaintiff has been the owner of a farm for some twenty-four years, consisting of about 180 acres situated in the town of Horseheads, a short distance west of West Junction. Under the laws of the State of New York the defendant constructed its road between the city of Binghamton and the city of Buffalo, and in doing so crossed

the farm of the plaintiff, having acquired the right so to do by con-
demnation proceedings, its road passing in a westerly direction, sever-
ing his farm so that a portion thereof lies on the north side of the
railroad and a portion thereof on the south side of the road.   Plaintiff
has recovered damages alleged to have been sustained by reason
of water reaching his land on the south side of the defendant's
road.   Near the close of the trial it was held that there is no
right of recovery here for any damages done to the land north of
the railroad, and the question finally submitted to the jury was
" whether, in the exercise of reasonable diligence, they should have
made a larger sluiceway through the railroad, and as to whether, if
they were negligent in that, that such negligence caused the injury."
In delivering to the jury the charge the learned judge said : " There
are two propositions which the plaintiff must establish before he can
recover in this action.   The first proposition is : That the defendant
has been guilty of negligence.   And the second proposition : That
such negligence has caused this injury of which the plaintiff com-
plains."   And further on he proceeded to say " that that canal con-
stituted in the sense of law a water course so that this defendant
owed a duty in the construction of this road to provide a waterway
or water course there sufficient to carry off all the waters that might
reasonably be expected to flow through it.   Then the first question
for you to determine is, did it fulfill its duty, and did it provide a
sufficient waterway to carry off all the waters that might reasonably
be expected to flow there.   *   *   *   You are to consider all those
facts, and to determine the single question as to whether, under the
circumstances, as they existed at the time that this company built
its road, they supplied a water course which was sufficient to carry
off such water as might reasonably be expected to flow down
through the channel of the canal, and through this waterway or
sluiceway.   Now, gentlemen of the jury, if you find that they pro-
vided such a course as would be sufficient to carry off the water that
might reasonably be expected at that time, then I charge you that
they were not guilty of negligence, and the plaintiff cannot recover.
If they have failed, however, to provide such a water course as
would carry off the waters that might reasonably be expected at
that time, then the plaintiff must establish another proposition,
before he can recover, and that is, that such negligence on the part

of the defendant has caused this injury." After the body of the charge had been delivered, in response to a request made in behalf of the defendant, the court charged that the defendant was not "absolutely required to furnish such a passageway for water, but they were only held to reasonable care in providing a waterway sufficient." It is alleged in the complaint "That at the time defendant constructed its roadbed or railway as hereinbefore alleged through the said towns of Horseheads and Big Flats and the farm of this plaintiff, there existed and ran a natural water course or brook or creek from Sing Sing creek or the vicinity or locality of Sing Sing creek, easterly or northeasterly through the said towns mentioned and plaintiff's said farm, which, although liable by reason of the nature of the adjoining lands or territories to sudden rises or increase of the volume of water, was, within said towns and through plaintiff's said farm, confined to a certain well-defined course and channel by reason of the high banks on either side thereof." And it is alleged that prior to the construction of the defendant's road "the water of the said water course in times of freshet and flood, as well as in ordinary times, was confined and flowed within" the banks of said stream.

Evidence was given upon the trial tending to support the allegations of the complaint, and it justified the instructions as to the law given by the trial judge to the jury. (*Vernum* v. *Wheeler*, 35 Hun, 53; *Mitchell* v. *N. Y., L. E. & W. R. R. Co.*, 36 id. 177; *Brown* v. *The Cayuga & Susquehanna Railroad Co.*, 12 N. Y. 486.)

In *Bellinger* v. *N. Y. C. & H. R. R. R. Co.* (23 N. Y. 42), in the course of the opinion delivered, it was said that the defendant had a right to construct its road, and in doing so it was "bound to do this with all necessary care and skill, so as to save the adjacent proprietors from any injurious consequences which might arise on account of the necessary modification of the natural surface of the ground, so far as should be reasonably practicable." The quotations we have made from the charge delivered in this case seem to indicate that the rule was observed. (See MS. opinion of MERWIN, J.,* in *Mundy* v. *N. Y., L. E. & W. R. R. Co.*, and cases therein cited.)

(2) The evidence does not indicate any affirmative act or omission of duty on the part of the State which relieves the defendant of its

---

* See *post*, page 479.— [REPORTER.

obligation to so use its property as not to cause injury to the plaintiff, an adjacent owner. (*Masterson* v. *N. Y. C. & H. R. R. R. Co.*, 84 N. Y. 247.)

(3) The evidence relating to the damages sustained by the plaintiff was properly received. (*Hartshorn* v. *Chaddock*, 135 N. Y. 122.)

(4) We are of opinion that the court committed no error in denying the defendant's motion for a nonsuit.

(5) It may be that the verdict of the jury awards the plaintiff a liberal compensation for the injury which he sustained, but upon an inspection of all the evidence we are of the opinion that the Special Term was warranted in refusing to grant a new trial, on the ground that the damages were excessive. The foregoing views lead to an affirmance.

MARTIN and MERWIN, JJ., concurred.

Judgment and order affirmed, with costs.