MILES, APPELLANT, *v.* DU BEY ET AL., RESPONDENTS.

[Submitted February 15, 1895.—Decided February 18, 1895.]

WATER RIGHTS—*Diversion—Joinder of parties.*—Section 1260, page 997, Compiled
Statutes, relative to suits for the protection of rights acquired to water, and
authorizing the joinder of all persons as defendants who have diverted the
water, contemplates equitable actions only, in which the court may settle in
one decree the priorities and rights of all the parties to the water or the use
thereof, and apportion the damages, and does not apply to an action at law for
damages for the wrongful diversion of water, where there is no allegation in
the complaint that would authorize the court to grant equitable relief, and
there is no evidence to show that the plaintiff is entitled to such relief, and a
nonsuit in such action is proper if the evidence fails to show that the defend-
ants jointly sued acted jointly in diverting the water.

*Appeal from Third Judicial District, Deer Lodge County.*

ACTION for the diversion of water. The defendants' motion
for a nonsuit was granted by BRANTLEY, J. Affirmed.

Statement of the case by the justice delivering the opinion:
Plaintiff alleges in his complaint that he is the owner of a
large tract of agricultural land situated in Deer Lodge county;
that for the purpose of irrigating said land he and his prede-
cessors in interest had appropriated all the waters of Willow
creek, and by means of ditches had conveyed the waters of said
stream on to said land; that for many years he has been in
the possession of said land and in the use of said waters for
irrigating the same; that during the spring of the years 1887,
1888, 1889, and 1890, the defendants, by means of ditches,
wrongfully diverted the waters of said stream, and took and
used the same for their own use, thereby depriving the plain-
tiff of the use thereof during said years; that by reason of said
wrongful diversion of said waters by defendants the crops
of grain, vegetables, and hay of plaintiff were damaged and
destroyed; that plaintiff was damaged thereby in the sum of
ten thousand dollars. The defendants filed separate answers,
which were, in effect, general denials of the allegations in the
complaint. The trial was with a jury. At the close of plain-
tiff's testimony the defendants moved the court to grant a non-
suit, for the reasons that defendants are sued jointly, and the
evidence does not show that the defendants acted jointly in
diverting the water, if any was diverted. The court granted

the nonsuit. Plaintiff filed a motion for a new trial, which was denied. From the judgment and the order denying a new trial plaintiff appeals.

*Shropshire & Burleigh,* for Appellant.

*G. B. Winston,* and *W. H. Trippett,* for Respondents.

PEMBERTON, C. J.—The appellant contends that this action was properly brought under section 1260, page 997, of the Compiled Statutes. This section is as follows:

"SEC. 1260. In any suit hereafter commenced for the protection of rights acquired to water under the laws of this territory the plaintiff may make any or all persons who have diverted water from the same stream or source parties to such action, and the court may in one decree settle the relative priorities and rights of all the parties to such suit. When damages are claimed for the wrongful diversion of water in any such suit the same may be assessed and apportioned by the jury in their verdicts, and judgment thereon may be entered for or against one or more of several plaintiffs, or for or against one or more of several defendants, and may determine the ultimate rights of the parties between themselves."

But we think this contention cannot be maintained. This is not a suit "for the protection of rights acquired to water." It is not a suit to "settle the relative priorities and rights of all the parties" to the water or the use thereof of the stream mentioned. It is a suit at law for damages to crops resulting from the alleged joint torts of the defendants. There is no allegation in the complaint that would authorize the court to grant equitable relief; nor does the evidence show that plaintiff is entitled to such relief. To entitle the plaintiff to equitable relief the allegations of the complaint should show him to be entitled thereto, and the proof should support such allegations. (Pomeroy's Remedies and Remedial Rights, 2d ed., § 84.)

In *Blaisdell* v. *Stephens,* 14 Nev. 17, the court say: "The general principle is well settled that when two or more parties act, each for himself, in producing a result injurious to plain-

tiff, they cannot be held jointly liable for the acts of each other."

In the case just cited the court say: " It does not appear from the evidence that the defendants acted in concert, or that the act of either in any manner produced the act of the other."

This case is almost exactly similar in pleadings and proof to the one at bar, and the court held that a nonsuit. should have been granted. Section 1260, above quoted, we think contemplates an equitable action, in which the court may settle in one decree the priorities and rights of all the parties to the water or the use thereof; and when damages are claimed in such action, for the wrongful diversion of water, the same may be assessed and apportioned by the jury, and judgment therefor may be entered for or against one or more several plaintiffs or defendants, and the ultimate rights of the parties may be determined in such action. But in order to enable the jury to assess and apportion the damages against one or more several defendants, and authorize a separate judgment therefor, there must be evidence showing what particular damage any particular party has committed. Such verdicts and judgments could not be rendered without evidence showing what damage had resulted from the separate acts of the parties. There is no such evidence in this case, even if it were brought under said statute, as to authorize such separate verdicts and judgments against the separate defendants.

We are of the opinion that this is purely an action at law against joint tort-feasors for damages alleged to have resulted from their joint acts; that there is nothing in the complaint or evidence to authorize the granting of equitable relief, or any relief under section 1260, as contended by the appellant.

The judgment appealed from is affirmed.

*Affirmed.*

DE WITT, J., and HUNT, J., concur.