City of Valparaiso v. Bozarth.

---

CITY OF VALPARAISO v. BOZARTH ET AL.

[No. 18,722. Filed November 28, 1899.]

NUISANCE.—*House Encroaching on Street.—Cities.*—A house which encroaches upon the street of a city is *per se* a public nuisance. *p. 538.*

SAME.—*Abatement.—Notice.*—Where the lessee of real estate creates a nuisance by erecting a house thereon which encroaches on the street, an action may be maintained against him to abate the nuisance without any notice or request to remove the house. *p. 538.*

From the Porter Circuit Court. *Reversed.*

*A. D. Bartholomew*, for appellant.

*N. J. Bozarth* and *A. L. Jones*, for appellees.

MONKS, J.—This action was brought by appellant against appellees to abate a nuisance. The court made a special finding of the facts, and stated conclusions of law thereon, and rendered judgment against appellant.

The only error assigned calls in question the second conclusion of law.

It appears from the special finding that appellee Bozarth is the owner of a part of an out lot in the city of Valparaiso fronting on Morgan street, and that he acquired title thereto in fee simple, in 1876. In 1879 said Bozarth granted to appellee Stephens, his mother, the right to erect on said real estate a two-story frame dwelling house, which house was to be, and remain, the property of said Stephens, and under her control, with the right on her part to collect all the rents and income thereof, and to remove the dwelling house from the premises whenever she desired to do so. Morgan street runs north and south, and bounds said out lot on the west. Said appellee Stephens, by virtue of her interest in said real estate, in 1879 built a frame dwelling house on said lot and on Morgan street, the same extending into said street six and one-tenth feet. Said house is substantially built, with a brick foundation under the same, and is of the value of $800, and at the time of the commencement of this action was occupied by appellees. At the time said house was built there was a fence running north and south on a line four feet west of the most westerly part of said house, and across the premises, which fence had been there twelve years, and the houses and other improvements on Morgan street were on a line with the fence aforesaid, and appellee Stephens, when she built said house, and down to the time of the commencement of this action, had no notice or knowledge that said fence was in the limits of Morgan street, but in good faith believed that she was erecting her said house within the boundary of the real estate described in her contract, and not in said street. The conclusions of law stated by the court were: First, that the house, in so far as it extends upon the street, is a nuisance, and should be abated; second, that said action was prematurely brought for want of notice.

It is settled in this State that a permanent structure like the one erected by appellee Stephens, which encroaches upon the street, is *per se* a public nuisance. *State* v. *Berdetta,* 73 Ind. 185, 38 Am. Rep. 117, and note p. 127; *Pettis* v. *Johnson,* 56 Ind. 139; *Adams* v. *Ohio Falls Car Co.,* 131 Ind. 375, 379; *Sims* v. *City of Frankfort,* 79 Ind. 446, 451; *State* v. *Louisville, etc., R. Co.,* 86 Ind. 114, 116; *Bybee* v. *State,* 94 Ind. 443, 446, 447, 48 Am. Rep. 175. See note to *Drew* v. *Geneva* (Ind. Sup.), 42 L. R. A., pp. 814, 825, 50 N. E. 871; Note to *Hagerstown* v. *Whitman* (Md.), 39 L. R. A. 649, 685, 37 Atl. 965.

It is settled that when a party erects or is the author of a nuisance, an action may be maintained against him to abate the nuisance without any notice or request to remove the same. 1 Hilliard on Torts, 710; Angell on Water-courses, §403; Wood on Nuisance (2nd ed.), §838; Washburn's Easements (3rd ed.), 693-696; 14 Ency. Pl. & Pr. pp. 1110, 1111; 2 Jaggard on Torts, pp. 795-797; *Steinke* v. *Bentley,* 6 Ind. App. 663, 669; *Curtice* v. *Thompson,* 19 N. H. 471; *Wason* v. *Sanborn,* 45 N. H. 169; *Eastman* v. *Amoskeag Mfg. Co.,* 44 N. H. 143, 82 Am. Dec. 201, 208, 211; *Brown Paper Co.* v. *Dean,* 123 Mass. 267; *Prentiss* v. *Wood,* 132 Mass. 486; *New Salem* v. *Eagle Mill Co.,* 138 Mass. 8; *McDonough* v. *Gilman,* 3 Allen (Mass.) 264, 80 Am. Dec. 72, and note p. 75; *Plumer* v. *Harper,* 3 N. H. 88, 14 Am. Dec. 333, and note pp. 336-341; *Ray* v. *Sellers,* 1 Duv. (Ky.), 254; *Slight* v. *Gutzlaff,* 35 Wis. 675, 17 Am. Rep. 476; *Conhocton Stone Road* v. *Buffalo, etc., R. Co.,* 51 N. Y. 573, 10 Am. Rep. 646; *Fish* v. *Dodge,* 4 Denio (N. Y.), 311, 45 Am. Dec. 474; *Sloggy* v. *Dilworth,* 38 Minn. 179, 36 N. W. 451, 8 Am. St. 656; *Branch* v. *Doane,* 17 Conn. 402, 418; Note to *Jones* v. *Lewis,* 33 Am. Dec. 407.

It is held in many cases that the grantee or lessee of real estate, upon which there is an existing nuisance of a nature not essentially unlawful, is liable to an action therefor only

after notice to remove or abate it.  *Slight* v. *Gutzlaff*, 35
Wis. 675, 17 Am. Rep. 476; *Pierson* v. *Glean*, 14 N. J. L.
36, 25 Am. Dec. 497, and note p. 499; *Eastman* v. *Amoskeag
Mfg. Co.*, 44 N. H. 143, 82 Am. Dec. 201; *Plumer* v.
*Harper*, 3 N. H. 88, 91, 14 Am. Dec. 333, 7 note pp. 336-
341; *Woodman* v. *Tufts*, 9 N. H. 88; *McDonough* v. *Gilman*,
3 Allen, Mass. 264, 80 Am. Dec. 72, and note p. 75; *Nichols*
v. *City of Boston*, 98 Mass. 39, 43, 93 Am. Dec. 132, and
note p. 136; *Brown Paper Co.* v. *Dean*, 123 Mass, 267, 269;
*Prentiss* v. *Wood*, 132 Mass. 486, 488; *Branch* v. *Doane*,
17 Conn. 402, 418; *Johnson* v. *Lewis*, 13 Conn. 303, 33
Am. Dec. 405; *Crommelin* v. *Coxe*, 30 Ala. 318, 68 Am.
Dec. 120, and note p. 126; *Blunt* v. *Aikin*, 15 Wend. (N.
Y.), 522, 30 Am. Dec. 72; *Waggoner* v. *Jermaine*, 3 Denio
(N. Y.), 306, 45 Am. Dec. 474, and note p. 479; *Conhoc-
ton Stone Road* v. *Buffalo, etc., R. Co.*, 51 N. Y. 573; *Ahern*
v. *Steele*, 115 N. Y. 203, 210, 213, 22 N. E. 193, 5 L. R. A.
449, 12 Am. St. 778, and note pp. 800, 801; *Huckenstine's
Appeal*, 70 Pa. St. 102; *Thornton* v. *Smith*, 11 Minn. 1,
(15 Gil. 1); *Sloggy* v. *Dilworth*, 38 Minn. 179, 36 N. W.
451, 8 Am. St. 656, and note p. 661; *Pierce* v. *German, etc.,
Soc.*, 72 Cal. 180, 13 Pac. 478, 1 Am. St. 45; *Grigsby* v.
*Clear Lake, etc., Co.*, 40 Cal. 396; *Groff* v. *Ankenbrandt*, 124
Ill. 51, 15 N. E. 40, 7 Am. St. 342, and note p. 345; *Pills-
bury* v. *Moore*, 44 Me. 154, 69 Am. Dec. 91, and note 94;
*Georgetown* v. *Alexandria Canal Co.*, 12 Peters (U. S.), 91,
(9 L. ed. 1012); *Penruddock's Case*, 5 Coke, 100; *West-
bourne* v. *Mordant*, Cro. Eliz. 191; *Some* v. *Barwish*, Cro.
Jac. 231; *Brent* v. *Haddon*, Cro. Jac. 555.

The rule requiring notice to the grantee or lessee in such
cases has been seriously questioned in some cases, and denied
in others.  *Caldwell* v. *Gale*, 11 Mich. 77; *Norton* v. *Vol-
entine*, 14 Vt. 239; *Brown* v. *Cayuga, etc., R. Co.*, 12 N. Y.
486, 492; *Hubbard* v. *Russell*, 24 Barb. 404; *Conhocton
Stone Road* v. *Buffalo, etc., R. Co.*, 51 N. Y. 573; *Morris
Canal, etc., Co.* v. *Ryerson*, 27 N. J. L. 457; Note to *Plumer*

v. *Harper*, 14 Am. Dec. 340, 341; Note to *Pierson* v. *Glean*, 25 Am. Dec. 499.

It is expressly found in this case that Mrs. Stephens erected the dwelling house so that it extended six and one-tenth feet into the street. She was the creator of the nuisance. It is evident, therefore, that the rule that a grantee or lessee of real estate is not liable for a nuisance not created by him, until after notice or request to remove the same, if correct, does not apply to said appellee, because she erected the nuisance. The recorded plat of said city was constructive notice of the limits of the street and of the out lot. The boundaries of the real estate described in her contract were also constructive notice of the east line of the street. She had an equal opportunity with the city to ascertain the boundaries of said real estate. The fact that others had encroached upon the street by building fences and houses thereon was no excuse for said appellee erecting her dwelling house in the street.

It follows that the court erred in the second conclusion of law. Judgment reversed, with instructions to restate the second conclusion of law, and render judgment in favor of appellant in accordance with this opinion.