(42 Misc. Rep. 204.)

### RAPHAEL et al. v. MARGOLIES et al.

(Supreme Court, Appellate Term. November 30, 1903.)

1 Appeal — Action on Note — Notice of Protest — Failure to Object Below

It cannot be urged for the first time on appeal, by defendant indorsers in an action on a note, that, as there was no proof of the contents of the notice of protest, the giving of sufficient notice was not shown.

2. Usury—Sufficiency of Evidence.

Evidence in an action on a note *held* insufficient to establish the defense of usury.

Appeal from City Court of New York, General Term.

Action by Isaac Raphael and another against Barnet Margolies and others. From a judgment for plaintiffs, and from an order denying defendants' motion for a new trial, defendants appeal. Affirmed.

The action was brought by the indorsees against the maker and indorsers of a promissory note; the defenses being usury at the inception of the loan, and a denial of notice of nonpayment to the indorsers.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Phillips J. Rippe, Esq., for plaintiffs.
Abraham Oberstein and Joseph Fisher, for defendants.

BISCHOFF, J. The action was upon a promissory note made by the defendant Margolies to the order of one I. A. Bachrach, indorsed by E. M. Bachrach, the defendants Marrow & Wilner, as a

firm, and the payee. Upon the trial it appeared without contradiction that the plaintiffs acquired the note in the regular course of business, and for full value, from the payee; and, besides a denial of notice of nonpayment in behalf of the defendants Marrow & Wilner, the defense was that note, with the indorsement of the last-named defendants thereon, was given upon an understanding for the payment of usurious interest to the payee.

I. A. Bachrach, called as a witness for the plaintiffs, testified, without objection, that he mailed a post-paid notice of protest to the defendants Marrow & Wilner, addressed to them at their place of business on West Broadway, near Wooster street, the house number of which he was unable to recall, but that the address was copied from one of the addressee's business cards. This was contradicted only to the extent that defendant Marrow testified that he, personally, did not receive the notice; and, without objection of any kind, the question of the sending and receipt of the notice of protest was submitted to the jury, who found with the plaintiffs. It is urged on this appeal that there was an utter failure of proof of the contents of the notice of protest, and hence that the giving of a sufficient notice was not shown. It is only necessary, in answer to this, to say that the record shows a tacit waiver, by the defendant indorsers, of any such proof, and, since the objection might have been obviated had it been taken on the trial, it cannot, for the first time, be raised on appeal. Brown v. Cayuga, etc., R. R. Co., 12 N. Y. 486. The maker of the note, the defendant Margolies, testified to a conversation had with the payee, I. A. Bachrach, at the time when the note was uttered, whereby, it was claimed, the agreement for the payment of more than the legal rate of interest was made. A witness, Sherick, testified that he was casually present and heard the payee say something about the latter's expectancy of 12 per centum for the use of his money; and still another witness, Kruskeal, testified that some days after the note was uttered he drew a check, to bearer, for eight dollars, at the request of the maker of the note. The payee, however, stoutly denied any such conversation, and that he received the check. At the request of the defendants' counsel the question of the making of the alleged usurious agreement was also left to the jury, who again found with the plaintiffs. We cannot say that the attitude of the maker, upon the trial, necessarily established his moral supremacy over the payee, and, obviously, when the former's testimony was discredited by the jury, the attempted corroboration failed with it.

We view the verdict as entirely consistent with the evidence, and the weight of the evidence, and the judgment and order appealed from should be affirmed.

Judgment and order affirmed, with costs. All concur.