(June 18, 1913.)

## ROBERT BROSE, Appellant, v. TWIN FALLS LAND & WATER CO. and TWIN FALLS CANAL CO., Respondents.

[133 Pac. 673.]

ACTION FOR DAMAGES—JOINT TORT-FEASORS—JOINT AND SEVERAL LIABILITY.

1. When two or more persons unite in the commission of a wrong, or where separate and independent acts of negligence by different persons all concur as a proximate cause in producing an injury, such wrongdoers are jointly and severally liable for the damage resulting therefrom.

2. In order to hold two or more defendants jointly liable as tortfeasors, there must be some joint or concurrent act or community of action or a neglect of some common duty, or it must appear that the several wrongful acts of the defendants done at different times all concurred in their effects as a single act to produce the injury complained of.

3. Under the statute of this state, sec. 3660 of the Rev. Codes, every successive owner of property who neglects to abate a continuing nuisance upon or in the use of such property created by a former owner is liable therefor in the same manner as the one who first created it, but this statute does not mean that such subsequent owner is liable for damages caused prior to his acquiring the ownership, possession or control of the property.

APPEAL from the District Court of the Fourth Judicial District for Lincoln County. Hon. Edward A. Walters, Judge.

Action for damages. Judgment for defendant. Plaintiff appealed. *Affirmed.*

Longley & Hazel and Taylor Cummins, for Appellant.

If the injury or damage is the direct result of the concurring or contributing acts of both defendants, they are jointly and severally liable for the injury, and one action will lie against all or any one of them for the damages sustained.

(38 Cyc. 483; *Gunder v. Tibbits,* 153 Ind. 591, 55 N. E. 762; *Drown v. New England Tel. & Tel. Co.,* 80 Vt. 1, 66 Atl. 801.)

"When the negligence of two or more persons concurs in producing a single indivisible injury, they are jointly and severally liable, although there was no common duty, common design or concert of action." (*Walton v. Miller,* 109 Va. 210, 132 Am. St. 908, 63 S. E. 458; *Nordhaus v. Vandalia R. Co.,* 242 Ill. 166, 89 N. E. 974; *Probst v. Hinesley,* 133 Ky. 64, 117 S. W. 389; *Slater v. Mersereau,* 64 N. Y. 138; *Peru Heating Co. v. Lenhart,* 48 Ind. App. 319, 95 N. E. 680; *Allison v. Hobbs,* 96 Me. 26, 51 Atl. 245; *Fortmeyer v. National Biscuit Co.,* 116 Minn. 158, 133 N. W. 461, 37 L. R. A., N. S., 569; *Strauhal v. Asiatic S. S. Co.,* 48 Or. 100, 85 Pac. 230; *Yealy v. Fink,* 43 Pa. 212, 82 Am. Dec. 556; *Jones v. Spokane P. & S. Ry. Co.,* 69 Wash. 12, 124 Pac. 142; *City of Kansas City v. Slangstrom,* 53 Kan. 431, 36 Pac. 706; *Pilcher v. Smith,* 4 Ala. App. 444, 58 So. 672; *Wisecarver & Stone v. C. R. I. & P. Ry. Co.,* 141 Iowa, 121, 119 N. W. 532; *Cleveland C. C. & St. L. Ry. Co. v. Gossett,* 172 Ind. 525, 87 N. E. 723; *Day et ux. v. Louisville C. & C. Co.,* 60 W. Va. 27, 53 S. E. 776, 10 L. R. A., N. S., 167; *Haubelt Bros. v. Hirsch* (Tex. Civ. App.), 131 S. W. 435.)

Sweeley & Sweeley, for Respondent Twin Falls Land & Water Co.

Bowen & Porter, for Respondent Twin Falls Canal Co.

A person continuing a nuisance is not liable for damages caused by the operation of the nuisance by his predecessors in interest. (Sutherland on Damages, 3d ed., sec. 1059; *Watson v. Colusa etc. Co.,* 31 Mont. 513, 79 Pac. 14; *Karns v. Allen,* 135 Wis. 48, 115 N. W. 357, 15 Ann. Cas. 543.)

"An action at law for damages cannot be maintained against several persons as parties defendant when each acted independently of the others and there was no concert or unity of design or action between them. It is held that in such a case the tort of each defendant is several when com-

mitted, and that it does not become joint because afterward its consequences united with the consequences of several other torts committed by other persons.'' (Kinney on Irrigation and Water Rights, 2d·ed., sec. 1685; Pomeroy on Code Remedies, 4th ed., secs. 208, 209; Sutherland on Damages, 3d ed., secs. 137, 141, 142, 1059; *Wallace v. Drew,* 59 Barb. (N. Y.) 413; *Bonte v. Postel,* 109 Ky. 64, 58 S. W. 536, 51 L. R. A. 187; *Swain v. Tennessee etc. Co.,* 111 Tenn. 430, 78 S. W. 93,· and cases cited; *Miller v. Highland Ditch Co.,* 87 Cal. 430, 22 Am. St.·254, 25 Pac. 550; *Sloggy v. Dilworth,* 38 Minn. 179, 8 Am. St. 656, 36 N. W. 451; *Chipman v. Palmer,* 77 N. Y. 51, 33 Am. Rep. 566.)

Persons who act severally and independently, each causing a separate and distinct injury, cannot be sued jointly, even though the injury will have been precisely similar in· character and inflicted at the same time. A joint tort is essential to the maintenance of a joint action. For separate and distinct wrongs, separate actions must be brought. (*Livesay v. First Nat. Bank,* 36 Colo. 526, 118 Am. St. 120, 86 Pac. 103, 6 L. R. A., N. S., 598; 15 Ency. Pl. & Pr. 562; *Keyes v. Little York etc. Co.,* 53 Cal. 724; *Smith v. Day,* 39 Or. 531, 64 Pac. 812, 65 Pac. 1055; *Blaisdell v. Stephens,* 14 Nev. 17, 33 Am. Rep. 523; Sedgwick on Damages, 9th ed., sec. 36a, citing *Post v. Hartford St. Ry.,* 72 Conn. 362, 44 Atl. 547.)

AILSHIE, C. J.—This is an appeal from the judgment. The court sustained a demurrer to the complaint, on the ground that there was a misjoinder of parties defendant. Plaintiff declined to amend and judgment of dismissal was entered.

The action is prosecuted for recovery of damages caused by seepage and percolating waters from the canal owned by the Twin Falls Canal Co. The complaint, among other things, alleges that the plaintiff is the owner of certain lands in Twin Falls county under the canal system owned by the Twin Falls Canal Co. The complaint charges that the defendant, Twin Falls Land & Water Co., in the years 1905 and 1906, constructed an irrigating canal, commonly known as the

High Line Canal of the Twin Falls Canal System, over and across the plaintiff's land and that it owned, was in the possession of and operated the canal and system until the 30th day of November, 1909, on which date the land and water company sold and transferred the entire canal system to its co-defendant, the Twin Falls Canal Co., and that the latter company thereupon acquired the title to the property and entered into possession and control thereof.

For convenience we will hereafter refer to the Twin Falls Land & Water Co. as the Land and Water Co. and to the Twin Falls Canal Co. as the Canal Co.

The complaint then charges that the Land and Water Co., in the construction of the canal, negligently failed to take such means as were necessary to prevent the water flowing in the canal from percolating, seeping and flowing into and upon the lands of the plaintiff, and that from the time of the construction of the canal until the transfer of the same to the Canal Co., the Land and Water Co. was the sole owner and in full control of the property, and that from the time of the transfer until the commencement of this action the Canal Co. was the owner and in full control of the property, and that both defendants at all times since the construction of the canal, by one continuous negligent act participated in by both of defendants during the periods aforesaid, negligently caused the water to flow in said canal so as to permit the same to percolate, seep and flow onto the lands of the plaintiff to his damage in the sum of $5,000.

The complaint also alleges that the Land & Water Co. knew that the canal was not properly constructed and that the waters were seeping and percolating into and upon the lands of the plaintiff and injuring and damaging the same, and that the Canal Co. at the time it acquired title to and took possession of the property knew of the defects in the system and that damage was being done to the plaintiff, and that it continued to maintain and operate the canal without repairing or improving the same.

The complaint contains a second count for the same tort and injury, but it is unnecessary to here recite any of the

allegations of that count. The trial court sustained a demurrer to this complaint, upon the ground that it improperly united two causes of action, in that it united a cause of action against the Land and Water Co. alone with a cause of action against the Canal Co. alone and that the two companies were not jointly liable on either cause of action.

The only question presented for our consideration is whether the Land and Water Co. and the Canal Co. are jointly liable for the tort and damage alleged in the complaint. In determining this question it is important to understand clearly the cause of action alleged. When reduced to its last analysis, the complaint charges that the Land and Water Co. constructed this canal and was the sole owner thereof, and operated the same until November 30, 1909, and that on the latter date it sold and transferred the entire system and the possession and control thereof to the Canal Co. It then alleges that this injury and damage has been continuing from the time the Land & Water Co. began to run water through the canal up to the time of the commencement of this action.

The general rule of law with reference to the joint liability of trespassers and tort-feasors is well established and everywhere recognized, but it has proven one of the most difficult rules of application on account of the infinite diversity and variety of circumstances under which these wrongs are committed or which lead up to their commission.

The supreme court of Indiana, in *Cleveland etc. R. R. Co. v. Hilligoss,* 171 Ind. 417, 131 Am. St. 258, 86 N. E. 485, have stated the rule as to those cases in which joint liability will attach as follows: ''When more persons than one unite in the commission of a wrong, each is responsible for the acts of all, and for the whole damage; also, where separate and independent acts of negligence by different persons concur in causing a single injury, each is fully responsible for the trespass. Courts will not undertake to apportion the damage in such cases among the joint wrongdoers. The injured party has, at his election, his remedy against all, or any number.

(1 Cooley on Torts, 3d ed., 153.) He may elect to look to one only, and, if he accepts from that one a benefit, or property, in satisfaction and release, he can go no further.''

On the other hand, the supreme court of Oregon, in *Strauhal v. Asiatic S. S. Co.,* 48 Or. 100, 85 Pac. 230, have stated the converse of this rule as follows: ''To make tort-feasors liable jointly there must be some sort of community in the wrongdoing, and the injury must be in some way due to their joint work; but it is not necessary that they be acting together or in concert, if their concurring negligence occasions the injury.''

The same proposition is stated from another angle by the supreme court of California in *Marriott v. Williams,* 152 Cal. 705, 125 Am. St. 87, 93 Pac. 875, as follows: ''In actions against two or more persons for a single tort, there cannot be two verdicts for different sums against different defendants upon the same trial. There can be but one verdict for a single sum against all who are found guilty of the tort. All who are guilty at all are liable for the whole amount of the actual damages arising from the injury inflicted irrespective of the degree of culpability.''

In 38 Cyc., p. 484, the author says: ''The fact that it is difficult to separate the injury done by each from that done by the others furnishes no reason for holding that one tort-feasor should be liable for the acts of others with whom he is not acting in concert. Furthermore, if defendant's act was several when it was committed, it cannot be made joint because of a consequence which followed in connection with the result of the same or a similar act done by others.''

In *Chipman v. Palmer,* 77 N. Y. 51, 33 Am. Rep. 566, the supreme court of New York said: ''Where different parties pollute a stream by the discharge of sewage therein, each from his own premises, and each acting separately and independently of the others, one of the number is not liable for all the injury suffered by another because of the nuisance thus created. Each is liable only to the extent of the wrong committed by him.''

Mr. Kinney, in vol. 3 of his work on Irrigation and Water Rights, at sec. 1685, under the subject of "Joint and Several Tort-feasors," says:

"It is a well-settled principle of law of procedure that an action at law for damages cannot be maintained against several persons as parties defendant when each acted independently of the others and there was no concert or unity of design or action between them. It is held that in such a case the tort of each defendant is several when committed, and that it does not become joint because afterward its consequences united with the consequences of several other torts committed by other persons. If the rule were otherwise, the authorities hold that one defendant, however little he might have contributed to the injury of the plaintiff, would be liable for all the injury caused by the wrongful acts of all the other defendants, and he would have no remedy against the latter because no contribution can be enforced between tort-feasors."

The following are some of the many authorities which support the general rule above stated: *Walton v. Miller,* 109 Va. 210, 132 Am. St. 908, 63 S. E. 458; *Wisecarver & Stone v. C. R. I. & P. Ry. Co.,* 141 Iowa, 121, 119 N. W. 532; *Verlinda v. Stone & Webster Engr. Corp.,* 44 Mont. 223, 119 Pac. 573; *Blaisdell v. Stephens,* 14 Nev. 17, 33 Am. Rep. 523; *Miles v. Du Bey,* 15 Mont. 340, 39 Pac. 313; Pomeroy on Code Remedies, 4th ed., sec. 209; Sutherland on Damages, 3d ed., secs. 137, 141.

Counsel for appellant cite a number of cases in support of their contention but place their chief reliance on the case of *Gunder v. Tibbits,* 153 Ind. 591, 55 N. E. 762. That was an action for damages resulting from a personal wrong and injury. In that case the action was prosecuted for damages against the plaintiff's seducer and a physician who attended her later. As we read and understand that case, there is no similarity between the facts of the case there considered and the case at bar. There it appeared that each contributed to the wrong and injury and that the act of each was ratified and approved by the other, so that both could well be termed

and dealt with as joint wrongdoers and co-conspirators. In discussing the law applicable to such a case the court said:

"If each had acted independently, the plaintiff might have been compelled to pursue them separately, although the consequences of their acts united. But Kimball was the hand of Gunder in furthering Gunder's wrong. The consequences of the operation were necessarily intermingled by Kimball with the natural consequences of Gunder's sexual intercourse with plaintiff. When Gunder came to Kimball, the incident was not closed; and Kimball willingly joined in and helped on a wrong that was not completed—a wrong that constituted, when completed, but one cause of action against Gunder. And so, if Kimball chose to come in at any stage, he, too, is liable for the whole; for the law will not undertake to apportion damages in such cases."

Let us now revert to the facts of the present case, to see if they bring it within the rule of law recognized by the foregoing authorities. The Land and Water Co. constructed this canal and operated it alone and independent of the Canal Co. up to the time of the transfer, November 30, 1909. Indeed, it was stated on the argument that the Canal Co. was not in existence during the greater portion of this period and was not organized until shortly before it acquired this property. Whatever damage was done by the Land and Water Co. during its ownership and operation of this system and up until the 30th day of November, 1909, when it parted with its ownership and possession, was a separate and independent act for which appellant might maintain his action for the damages sustained by reason of that act, and the damages sustained by reason of that act could have been computed and ascertained with reasonable certainty. To this injury the Canal Co. in no way contributed and in no way aided, abetted or advised therein. The liability and responsibility of the Canal Co. commenced only when it acquired title and took possession of this property and began to operate it and run water through the canal and allowed the same to percolate through and upon the lands of the appellant. The Canal Co.

might have immediately repaired this defect in the canal and prevented the seepage and percolation which was causing damage to appellant, and thereby have avoided doing any injury to appellant or subjecting itself to liability for damages. The Land & Water Co. was in no respect liable or responsible for the continuation of any injury on account of seepage and percolation after it parted with title and right of possession. The acts of the two companies are severable and separable, and the wrong of the one did not carry over into the act of the other. In other words, there was no concurrence either in point of time or act; there was no community of action and there was no joint action by these two companies. So far as we have been able to discover from the authorities, they all require that in order to hold defendants jointly liable there must be some joint or concurrent act or community of action or duty or neglect of some common duty, or that the several wrongful acts of the defendants done at different times concurred in their effects as one single act to produce the injury complained of.

It seems clear to us that the respondents, the Land and Water Co. and the Canal Co., are not shown to have acted either jointly and concurrently to produce the injury of which appellant complains, nor have they neglected a duty that was common to them both at one and the same time, nor have they so acted that the several acts of the two have at any one time joined and concurred to produce a single injury. When the Canal Co.'s first duty arose to repair or improve this canal so as to prevent water seeping and percolating onto appellant's land, the like duty which had previously devolved upon the Land and Water Co. ceased, and the same duty was never incumbent upon both at the same time.

It has been suggested that under the provisions of sec. 3660 of the Rev. Codes, "Every successive owner of property who neglects to abate a continuing nuisance upon or in the use of such property, created by a former owner, is liable therefor in the same manner as the one who first created it." It is contended that under this statute a man who purchases property containing a nuisance is liable for the damage pre-

viously inflicted by that nuisance. This statute does not impose such a liability. It was enacted for the purpose of rendering the purchaser of a property that contains a nuisance liable to an action to abate the nuisance in the same manner as if he had created the nuisance, and to render him liable for all subsequent damages the same as if he had created the nuisance. In other words, it was intended to preclude the purchaser of property containing a nuisance defending against an action for damages or to abate the same, on the ground that he did not create the nuisance and that he was not responsible for its creation. It was never intended, however, to render the purchaser liable for damages previously incurred. (*Pierce v. German etc. Society*, 72 Cal. 180, 1 Am. St. 45, 13 Pac. 478; *Castle v. Smith*, 4 Cal. Unrep. 561, 36 Pac. 859; *Ahern v. Steele*, 115 N. Y. 203, 12 Am. St. 778 and note, 22 N. E. 193, 5 L. R. A. 449; *Plumer v. Harper*, 3 N. H. 88, 14 Am. Dec. 333.)

The demurrer to the complaint was properly sustained and the judgment should be affirmed, and it is so ordered. Costs awarded in favor of respondents.

Sullivan and Stewart, JJ., concur.