JOHN GROFF

*v.*

NICHOLAS ANKENBRANDT.

*Filed at Mt. Vernon January 20, 1888.*

124   51
29a 253
124   51
38a 473
124   51
143 136
124   51
42a 422
124   51
52a 413
124   51
47a 437
48a 358
124   51.
162   86
162 612
124       51
95a  1  69

1. NUISANCE—*continuing a nuisance—liability—notice to abate.* Where a party comes into possession of land, as grantee or lessee, with an existing nuisance upon it, he can not be held liable to an action for damages until he has been first notified to remove it.

2. The cases holding a party liable for the continuance of a nuisance erected by another on his land, without any notice to remove the same, are generally cases where there has been, on the part of such party, some active participation in its continuance, or some positive act evidencing its adoption, or some use of the structure complained of, like the operation of a factory which emits injurious and unwholesome smells. In the latter case, every act of using is a new nuisance, for which the injured party has a remedy for his damages.

3. WATER-COURSES—SURFACE WATERS—*dominant and servient heritage.* The free passage of water which the owner of the servient heritage has no right to stop by embankments or other artificial means, so as to throw it back upon the owner of the dominant heritage, is the natural flow of the water. Such natural flow consists either of surface water derived from rain and snow, or the water in some natural water-course fed by remote springs, or rising upon the dominant field itself.

4. PLEADING—*of the declaration—in case, for obstructing the flow of water.* A declaration in case alleged that the plaintiff was lawfully possessed of a certain tract of land which was improved and used for purposes of cultivation; that defendant was lawfully possessed of another tract adjoining the plaintiff's; that on, etc., the defendant, by means of a certain levee or embankment, maintained and continued by the defendant along the east line of his said land, of great dimensions, to-wit: of the width of six feet and of the height of two feet, and without sufficient openings therein to permit the free passage of water, wrongfully and unlawfully obstructed the flow of large quantities of water flowing to and against said levee or embankment on the east side thereof, and flowing down along the north side of another tract, and thereby caused said water, which otherwise would not have flowed upon the plaintiff's land, to flow and stand upon the same, etc.: *Held,* bad on demurrer, for two reasons: First, because it failed to aver that the defendant was notified or requested to remove the obstruction, it being presumed against the pleader that the obstruction was on the land

when it came into the defendant's possession; and second, because it failed to show that the embankment interfered with the *natural* flow of the water.

5. SAME—*rule of construction.* Each party's pleading is to be taken most strongly against himself, and most favorably to his adversary.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Wabash county; the Hon. C. C. BOGGS, Judge, presiding.

Messrs. BELL & GREEN, for the plaintiff in error:

The *gravamen* of the first count on which the case was tried was, that the defendant had obstructed the natural flow or drainage of surface and other water off the land of the plaintiff, to the injury of the plaintiff's land, being the dominant, and the defendant's land being the servient, heritage. *Gillham* v. *Railroad Co.* 49 Ill. 484; *Nevins* v. *Peoria,* 41 id. 502; *Rudd* v. *Williams,* 43 id. 385; *Gormley* v. *Sanford,* 52 id. 158; *Railroad Co.* v. *Morrison,* 71 id. 616; *Railroad Co.* v. *Cox,* 91 id. 500.

The theory of the second count is, that the defendant had wrongfully obstructed large quantities of flowing water, by means of a levee, which otherwise would not have touched plaintiff's land, and thereby caused such water to flow upon and stand on the same. *Stout* v. *McAdams,* 2 Scam. 67.

Mr. S. Z. LANDES, and Messrs. FOSTER & CAMPBELL, for the defendant in error:

Each party's pleading is to be taken most strongly against himself. Gould's Pleading, 141; *Peipho* v. *Peipho,* 88 Ill. 438.

Applying this rule, we must conclude that the defendant did not throw up this levee, but simply let it remain as he found it. To obstruct the natural flow of water, and to maintain an obstruction, are two entirely different things. *Railroad Co.* v. *Allen,* 39 Ill. 206; *Railway Co.* v. *Hunter,* 50 id. 325.

The count was bad in failing to show a notice or request to remove the obstruction. (*Groff* v. *Ankenbrandt,* 19 Bradw.

148.) It is also bad in failing to aver that the levee on defendant's land obstructs the *natural* flow of water. If the natural flow of the water was diverted and wrongfully thrown on defendant's land, he had a right to protect himself by an embankment.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action of trespass on the case, brought on November 2, 1885, by appellant in the circuit court of Wabash county against appellee for obstructing the flow of water and throwing it back upon appellant's land, so as to overflow the same and make it unfit for cultivation.

Pleas of *not guilty* and of the Statute of Limitations were filed to the first count of the declaration and issues were joined thereon. During the trial upon the issues thus formed the plaintiff was given leave to file and did file an amended or additional count, to which the defendant put in a general demurrer. The demurrer was sustained, and plaintiff elected to stand by his amended or additional count, and judgment was rendered against him for the costs in and about the same, etc. The cause then proceeded to trial upon the first count and the pleas thereto, and the jury returned a verdict in favor of the defendant. Motion for new trial was overruled and judgment rendered upon the verdict, which judgment has been affirmed by the Appellate Court. The case is brought before us by writ of error to the Appellate Court.

The sole question, brought to our attention in the arguments of counsel, is the sufficiency of the amended or additional count, and whether or not the demurrer thereto was properly sustained.

The amended count alleges, that plaintiff was "lawfully possessed" of the north half of the south-east quarter of section 13, etc., which was improved and used for purposes of cultivation; that defendant was "lawfully possessed" of the north-east quarter of the south-west quarter and the south-east quarter of

the south-west quarter of said section, adjoining plaintiff's land on the west; that, on to-wit: March 1, 1881, and, between that day and the commencement of the suit, the defendant, "by means of a certain levee or embankment, maintained and continued by the said defendant along the east line of his said real estate, of great dimensions,—to-wit, of the width of six feet and of the height of two feet, and without sufficient openings therein to permit the free passage of water,—wrongfully and unlawfully obstructed the flow of large quantities of water flowing to and against the said levee or embankment on the east side thereof, and flowing down along the north side of the south half of the south-east quarter of said section 13, and thereby caused said water, which otherwise would not have flowed on to the said real estate of the said plaintiff, to flow upon and stand on the said real estate of the said plaintiff."

This count is defective because it does not aver that defendant was notified or requested to remove the obstruction complained of.    1 Chitty's Pleading, 89, 389; 2 id. 770, note h; Cooley on Torts, 611; Angell on Water-courses, (Perkins' 6th ed.) sec. 403; 1 Hilliard on Torts, 603, note a.

It is a well established rule, that "each party's pleading is to be taken most strongly against himself and most favorably to his adversary." (Gould's Pleading, p. 141.)    The amended count will, therefore, be most strongly construed against the plaintiff.    Inasmuch as the count does not state, that the levee or embankment was *erected* by the defendant or originally placed by him where it is, it will be presumed, that such levee or embankment was already upon the land when the defendant became possessed of it, and that, consequently, he was only responsible for allowing the obstruction to remain as it was when the premises came into his hands.    The first count of the declaration averred that defendant "constructed and built and maintained and continued" the levee; the second or amended count merely charges, that defendant "maintained and continued" the levee or embankment.

Where a party comes into possession of land, as grantee or lessee, with an existing nuisance upon such land, and he merely permits the nuisance to remain or continue, he can not be held liable in an action for damages, until he has been first notified or requested to remove the nuisance. It is not right that one, who did not put the nuisance upon the premises in the first place, should be held responsible for injuries that may not have been caused by any act of his own. As was said in *Johnson* v. *Lewis, infra:* "A plaintiff ought not to rest in silence and presently surprise an unsuspecting purchaser by an action for damages, but should be presumed to acquiesce until he requests a removal of the nuisance." Angell in his work on Water-courses, *supra,* says, "that where a party was not the original creator of the nuisance he must have notice of it, and a *request* must be made to remove it, before any action can be brought."

While there is some conflict among the authorities upon this subject, the weight of authority seems to be in favor of the doctrine here announced, as will be seen by reference to the following cases: *Penruddock's case,* 3 Coke's Rep. 205; *Pierson* v. *Glean,* 2 Green, (N. J.) 36; *Johnson* v. *Lewis,* 13 Conn. 303; *Noyes* v. *Stillman,* 24 id. 14; *Curtice* v. *Thompson,* 19 N. H. 471; *Carleton* v. *Redington,* 21 id. 291; *Eastman* v. *Company,* 44 id. 143; *Pillsbury* v. *Moore,* 44 Me. 154; *Nichols* v. *City of Boston,* 98 Mass. 39; *Ray* v. *Sellers,* 1 Duv. (Ky.) 254; *West* v. *L. C. and L. Railroad Co.* 8 Bush, (Ky.) 404; *Slight* v. *Gutzlaff,* 35 Wis. 675; *Grigsby* v. *Clear Lake Water Co.* 40 Cal. 396.

The cases, which hold that a defendant may be held liable for the continuance of a nuisance, erected by another on his land, without any request or notice to him to remove the same, will generally be found, upon examination, to be cases where there has been, on the part of such defendant, some active participation in the continuance of the nuisance, or some positive act evidencing its adoption, or some *use* of the structure

complained of as a nuisance, like the operation of a factory, which emits injurious and unwholesome smells. In the latter case, every act of using is a new nuisance, for which the party injured has a remedy for his damages.

The declaration in this case is defective for another reason. The passage of water, which the owner of the servient heritage has no right to stop, by embankments or other artificial means, so as to throw it back upon the owner of the dominant heritage, is the *natural* flow of water. Such *natural* flow of water consists either of surface water, derived from the rain or snow falling upon the dominant field, or of the water in some natural water-course, fed by remote springs, or rising in a spring upon the dominant field itself. (*Gillham* v. *Madison County Railroad Co.* 49 Ill. 484; *Gormley* v. *Sanford*, 52 id. 158.) The declaration charges that the defendant has "obstructed the flow of large quantities of water flowing to and against the said levee or embankment," but it nowhere avers that the *natural* flow of water has been obstructed. *Non constat* but that the water, alleged to have been obstructed by the embankment, was not properly turned in that direction, or did not naturally flow from plaintiff's land over or upon defendant's land either by reason of being surface water or water in a natural water-course. If there was no *natural* flow of water from plaintiff's farm to and upon defendant's farm, plaintiff had no right to complain of the embankment.

For the reasons here stated, we think that the demurrer to the amended count was properly sustained.

The judgment of the Appellate Court is, therefore, affirmed.

*Judgment affirmed.*