# THE WABASH RAILROAD COMPANY

## v.

## GEORGE B. SANDERS.

*Railroads—Nuisance—Insufficient Culvert—Deposit of Coal Slack on Farm Land—Par. 5, Sec. 20, Chap. 114, R. S.*

1.  Par. 5, Sec. 20, Chap. 114, R. S., applies to roads constructed after that act went into effect.

2.  The liability of a grantee of land with a nuisance upon it, for maintaining the same, only arises after notice to abate it.

3.  It can not be held that damaging of lands by overflowing them is a " taking " within the meaning of the constitution, and therefore one owning the lands may not have such damages assessed as for a " taking " as against *any one* owning the road.

4.  Under the rule that the pleading is to be taken against the pleader, it can not be assumed in the case presented that the defendant created the nuisance by the construction of the railroad, or was requested to abate it, the declaration averring a nuisance, consisting of the maintenance of an insufficient culvert across an arm of a stream, whereby, during a freshet, coal slack was deposited on plaintiff's land, there being no averment as to when or by what railroad company the culvert and embankment were constructed, or that appellant was notified to abate the same; said slack having been washed from the embankment.

[Opinion filed June 26, 1893.]

APPEAL from the Circuit Court of Madison County; the Hon. B. R. BURROUGHS, Judge, presiding.

Mr. GEORGE B. BURNETT, for appellant.

Messrs. HADLEY & BURTON, for appellee.

MR. JUSTICE SAMPLE. The declaration in this case alleges that appellant maintained a nuisance, whereby appellee was injured. The nuisance consisted in maintaining an insufficient culvert across an arm of Indian creek, whereby, during a freshet, the coal slack that was in the embankment of the road on each side of the culvert, was washed out, carried

down the stream a short distance by the flow of the water, and deposited on appellee's land, to its great damage, as well as to the crops growing thereon.

There was no averment as to when or by what railroad company, the culvert and embankment were constructed, or that appellant was notified to abate the same.

For want thereof appellant interposed a demurrer, which was overruled by the court. Appellant elected to stand by its demurrer, whereupon, on hearing, judgment was rendered for appellee in the sum of $200, from which this appeal is prosecuted.

The sole question is as to the sufficiency of the declaration. Under the rule that the pleading is to be taken against the pleader, it can not be assumed that the appellant created the nuisance by the construction of the road, or was requested to abate it. Groff v. Ankenbrandt, 124 Ill. 51.

It is said, however, by appellee's counsel, that " each overflow caused by the use of the road, as charged, was a new nuisance, a continuing trespass, for which appellee had a right of action for his damages;" and the case of C., B. & Q. R. R. Co. v. Schaffer, 124 Ill. 121, is cited in support of that proposition.

The proposition of counsel that the overflow was caused by the use of the road is not averred in the declaration, nor supported by the facts therein alleged. The cause of the damage is alleged to be, first, the inadequacy of the culvert; second, whereby the coal slack in the embankment was carried off and deposited on appellee's land. Therefore, necessarily, the cause of the damage was in the construction of the road, and not in its operation, and the real complaint reaches back to that original act.

The Schaffer case, *supra*, relates to an original negligent construction of a bridge across a stream, whereby water backed up and overflowed Schaffer's land. He obtained a judgment for damages on account of an original unlawful construction of the bridge. His land thereafter having been damaged by *another* overflow of water, he brought another action, which is the one cited. The defense was that the

first recovery was a bar. The court say, page 120, that such defense assumes that the unlawfully constructed bridge would be permanent, and that the railroad company, *having done a wrong*, intended to continue in such wrong doing. Under such a state of facts the court holds that the railroad company having originally created a nuisance by its negligent acts, the maintaining it, after one recovery, was regarded as a new nuisance. It also holds as a fact that Schaffer did not, in the first suit, recover damages as for a *permanent* injury, and he had a right to assume, as to such a cause of injury, that it would be corrected and the nuisance abated by the company.

The O. & M. Ry. Co. v. Wachter, 123 Ill., at page 445, cited by appellee, has reference to a negligent construction by that company, and what is there said about maintaining a nuisance, has reference to that fact. The point there made by the company was, that all damages that could arise to the land of Wachter, were included in the original compensation paid on the "taking."

The court holds that doctrine only applies when the original construction was proper, as damages for the taking of the land, under the act of eminent domain, are assessed on the assumption of a proper construction.

It does not hold, as counsel suggest, that such damaging of lands by overflowing them is a "taking" within the meaning of the constitution, and, therefore, one owning the lands may have such damages assessed as for a "taking" as against any one owning the road; for it is said such damaging of the land is "not a taking in the limited sense in which that term is used in our statute."

It is also contended that Par. 5, Sec. 20, Chap. 114, R. S., imposed the duty on appellant to keep in repair culverts sufficient for the free passage of water in watercourses over any railroad which it might operate, regardless of the time of its construction.

This section shows that it applies to roads constructed after that act went into effect, and there is no averment when the appellant's road was constructed. What is more

material, however, is the view that the imposition of a statutory duty not to create or maintain a nuisance, is only declaratory of the common law, applicable not only to railroad corporations, but to individuals as well. It was as applicable in the Groff case as in this. But as to a grantee of land with a nuisance on it, his liability for maintaining it only arises after notice to abate it.

Under the authority of the Groff case, in the absence of an averment that appellant constructed the road, or that it maintained the nuisance after notice to abate the same, there can be no recovery.

The judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*