## August Wegner v. Henry Meyer.

1. Nuisances—*Continuation—Notice to Abate, When Necessary.*— Where a party comes into possession of land as grantee or lessee, with an existing nuisance upon it, he can not be liable to an action for damages until he has first been notified to remove it.

**Action on the Case,** for maintaining a nuisance. Appeal from the Circuit Court of Madison County; the Hon. Martin W. Schaefer, Judge, presiding. Heard in this court at the August term, 1900. Affirmed. Opinion filed March 11, 1901.

W. F. L. Hadley and Burton & Wheeler, attorneys for appellant.

Terry & Williamson, attorneys for appellee.

Mr. Justice Worthington delivered the opinion of the court.

The declaration contained four counts. The court instructed the jury to find for the defendant upon the fourth count. The jury found for the plaintiff upon the second and third counts in the sum of $50, for which judgment was rendered.

The second count charged that Wegner carelessly, negligently and unlawfully cut, scraped and dug the ground at or near the north line of Meyer's land and banked up the dirt and thereby turned the water over Meyer's ten acre tract. The third count charged that Wegner dug a ditch and made a levee and backed up the water upon Meyer's land and diverted the water from its natural course over Meyer's land.

The analysis of the second and of the third count, as contained in appellant's brief, shows that they charged appellant himself with the ditching and leveeing that caused damage to appellee. They presented issues of fact upon which the jury found for appellee. If this finding was correct, no notice to appellant was necessary. It is only when a defendant owner is charged with maintaining a nuisance caused by a former owner that notice is necessary. Groff v. Ankenbrandt, 124 Ill. 51.

This makes irrelevant the argument and citations with reference to notice, presented by counsel in their brief.

The objection made to the third instruction that it ignores giving notice, is not well taken for the same reason.

Instructions numbered respectively eight and nine, referring to the fourth count, should not have been given, but as the court directed a verdict for appellant upon this count, we fail to see how appellant was injured by these instructions.

The tenth instruction, while not fully stating the law, when read in connection with others given for appellee and appellant, is not ground for reversal. All the law in a case like this can not well be stated in one instruction.

The same may be said of the twelfth and fifteenth instructions. The thirteenth instruction for defendant, refused by the court, is so inaccurately drawn as to be confusing and not easy to comprehend. The refusal to give number thirty-one, if error, was harmless error, the jury finding under the second and third counts for creating a nuisance, and not finding against the appellant for continuing one already created.

The same is true of number thirty-four refused.

Taking the instructions given as a body, the jury was fairly instructed as to the law in the case, and upon the evidence and these instructions, have found for appellee upon the second and third counts of the declaration.

We see no valid reason for disregarding their finding and the judgment will therefore be affirmed.