## John Tetherington v. St. Louis, Troy & Eastern Railroad Company.

1. EMBANKMENT—*right of action for improper construction, of, lies at common law.* Independent of the statute, a right of action exists in favor of a landowner injured by reason of the improper and negligent construction of a railroad embankment.

2. EMBANKMENT—*what essential to liability of grantee for im-*

*proper construction of, by grantor.* In order to fasten liability upon a grantee for injury resulting from the improper and negligent construction of an embankment, it must appear that notice had been given to such grantee prior to suit and thereby an opportunity afforded to such grantee to correct the nuisance.

Action on the case. Appeal from the Circuit Court of Madison county; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 14, 1906.

W. E. HADLEY and BURTON & WHEELER, for appellant.

FORMAN & WHITNEL and WARNOCK, WILLIAMSON & BURROUGHS, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Madison county, in the case of John Tetherington, plaintiff v. St. Louis, Troy and Eastern Railroad Company, defendant, in an action on the case, brought to recover for damages to the lands and crops of the plaintiff, alleged to have been caused by the obstruction of natural overflow waters by the defendant's railroad embankment. The declaration contained one count by which it is alleged that defendant "wrongfully and unlawfully erected and built * * * maintained and continued a certain levee or embankment * * * without sufficient openings therein to permit the free passage of water," thereby causing the overflow and damage to plaintiff's land and crops. During the trial, plaintiff, by leave of court, filed an additional count alleging that defendant "was possessed of, using and operating a certain railroad over a certain embankment located on its right of way; * * * that said embankment was without openings to permit the free passage of water;" that a part of the same was broken and washed away, and thereafter that "defendant wrongfully and negligently repaired

and rebuilt said roadbed embankment    *    *    *    without any openings therein to permit the free passage of water, etc.,'' whereby plaintiff's land was overflowed, causing damage to his land and crops.  Defendant pleaded the general issue.  On the trial, at the conclusion of all the evidence, the court instructed the jury to find the defendant not guilty, and verdict and judgment were rendered accordingly.

It appears, from the undisputed evidence, that the railroad bed and embankment was constructed in the summer and early fall of 1899, by the Madison Railway Company, upon its own right of way, and that afterwards, by deed of December 14, 1899, the Madison Railway Company sold and transferred its right of way, with roadway embankment, to appellee, who thereupon came into possession and has retained the title, possession and control ever since.  The rights of the parties to this appeal turn upon the question whether appellee, without prior notice or claim by appellant, is liable for damages caused by the improper and negligent construction of the railroad embankment by its grantor, the Madison Railway Company.  Stated in another way, does liability in an action for negligence, causing damage to real estate, run with the land in such manner that the grantee or railroad property may be held for the acts of the grantor prior to the conveyance?  It is alleged in the declaration that the embankment was built without openings sufficient to permit the natural flow of water through it, that it was an obstruction and in effect a nuisance.  The question here made by contention of counsel was before the Supreme Court in Groff v. Ankenbrandt, 124 Ill. 51, and the rule there stated obtains in this state, without exception, so far as we are informed or authority is cited.  ''Where a party comes into possession of land, as grantee or lessee, with an existing nuisance upon such land, and he merely permits the nuisance to remain or continue, he cannot be held liable in an action for damages, until he has first been notified or re-

quested to remove the nuisance. It is not right that one, who did not put the nuisance upon the premises in the first place, should be held responsible for injuries that may not have been caused by any act of his own." The court quotes from Angell on Watercourses, "that where a party was not the original creator of the nuisance he must have notice of it, and a *request* must be made to remove it before any action can be brought." In Wabash Railroad Company v. Sanders, as reported in 47 App. 436, the same question, under facts very similar, was presented and decided by this court, following the Groff case, *supra*. In the Sanders case, as in this, it was contended by counsel that each overflow caused by the use of the road was a new nuisance, a continuing trespass for which the plaintiff would have a right of action, and in support of this contention cited C., B. & Q. R. R. Co. v. Schaffer, 124 Ill. 121, and O. & M. Ry. Co. v. Wachter, 123 Ill. 440, both of which are cited by appellant in his argument of this case. The court discussed these cases and held that they were not applicable to the case under consideration, and for the reasons therein stated, which we do not deem it necessary to repeat, we do not think they may be applied to the same question in the case now under consideration. Appellant further insists that by the Railroad Act, Chapter 114 Rev. St., it is expressly provided that no railroad shall construct a road-bed without first constructing the necessary culverts or sluices as the natural lay of the land requires for the necessary drainage thereof, and that failure to comply with this provision of the statute imposes a liability, not only upon the company which constructed the road-bed in disregard of the requirements of the statute, but upon its grantees and successors for all time, and that a right of action against it may be predicated upon the violation of law by the grantor without notice or request of the grantee to abate the nuisance and construct culverts or sluices as the law requires. We have seen no case that is authority for the

exception claimed, nor does it seem to us that there are any sufficient reasons, under the law, for the distinction. If in the construction of its road-bed the Madison Railway Company failed to provide culverts, sluices, or passageways for the natural drainage of appellant's land, and damage resulted, his right to an action would be independent of the statute. The right to such action is given by the common law and was neither limited nor extended by the statute. As already stated, no reason occurs to our mind, nor has any been stated, to justify a departure from the long-established rule, that before an action will lie against the grantee of land for damages caused by an obstruction or nuisance constructed by the grantor, a notice or request to remove the same must be given. The rule that notice should be given or request made before suit against the grantee, is founded in reason, no less applicable when the parties affected are corporations, than when the controversy is between individuals. It is said in support of the rule, that the grantee may assume that persons affected by the nuisance have already been compensated for the damage caused, or that they acquiesce in what is done, until notice to the contrary is given. Failing to act upon the notice or request, the grantee becomes liable, for then he is held to have adopted as his own the act of another, and for damages thereafter caused he must respond as though the nuisance were of his own creation. He is liable, not for what was done by his grantor, but for what he himself does or fails to do.

Appellant further contends that in repairing and reconstructing the road-bed after the wash-outs, as alleged in the additional count, the appellee was chargeable as of its own act in constructing the embankment complained of. This identical question seems to have been presented, considered and decided adversely to appellant's contention in the case of Phil. & R. R. Co. v. Smith, 64 Fed. Rep. 679, wherein suit

was brought against the Philadelphia & Reading Railroad Company, a lessee of another railroad company, for damages caused by an embankment maintained by the defendant, but which was built by the lessor company. It was there insisted that the notice was not necessary, because the defendant had actively maintained and continued the embankment by *repairing* and *stoning* the same. The court said: "It must be admitted that appellant has maintained the embankment; that it uses it as a part of its road-bed, and for that use has repaired and preserved it. Does it follow that this action, though brought without notice or request, can be maintained? There is certainly nothing in the Penruddock case (5th Coke, 101) or in any of those which follow its lead, upon which an affirmative answer to this inquiry could be based. There are cases to the effect that a feoffee or lessee is liable, without request, where he increases the nuisance; but where this is shown he is held liable to the extent of the increase only, and this upon the ground, that to that extent the nuisance is a new one and arises from his own act."

Appellant insists that the Sanders case, *supra,* as reported on second appeal in 58 App. 218, is in point and supports his contention. Our attention is called to the fact that the additional count in this case is almost identical with that in the Sanders case. In the second trial of the Sanders case, under an amended declaration, the defendant was charged with wrongfully constructing an embankment with coal slack, and with insufficient culverts, and "because of the insufficiency of the culvert, the road-bed (coal slack) was washed off the right of way on the land of plaintiff." It is also charged that defendant maintained the embankment after being notified by plaintiff to remove the same. The court says: "The evidence shows that after the defendant had taken possession and control of said railroad, it constructed a portion of the road-bed of coal slack and, under it, placed a culvert insuf-

ficient to carry off the water in time of freshet, and that it continued to maintain such portion of its road-bed of *that material* and the culvert in that condition * * * and after each wash-out, coal slack in large quantities was again used by the defendant in constructing the road-bed anew. The coal slack was carried off and deposited to the depth of several inches upon part of plaintiff's land, by repeated overflows," and thereby caused the damage. "This damage resulted from the negligence of defendant in constructing and maintaining its embankment of material liable to be washed out and deposited on plaintiff's land, and a culvert insufficient and inadequate, in violation of the duty imposed by law, independent of any statutes. For injuries resulting from the nuisance so created and maintained the plaintiff had the right to recover damages, without notifying defendant to abate the nuisance." From this it will be seen that the defendant was held to liability for the negligent and imperfect manner in constructing or reconstructing its road-bed and culverts, by reason of which the material used, coal slack, was washed upon plaintiff's land. There is no complaint by appellant in this case, that appellee was negligent in the use of material and the manner of repairs. The objection is that appellee failed to do what was omitted by its grantor, the Madison Railway Company, that is, reconstruct the embankment and provide sluices as should have been done in the first instance according to appellant's contention. The damages, if any, were because the embankment as originally built obstructed the water and flooded appellant's land and not from anything done by appellee. Appellant cites the case of C. & G. T. Ry. Co. v. Hart, 209 Ill. 414, as bearing upon his contention, that the rule requiring notice to the grantee to abate a prior existing nuisance has been changed by the statute. We do not so understand the opinion. It is there held that the lessor railroad company may be held liable

for injuries to an employe of the lessee, caused by the negligence of the lessee, while operating the road within the requirements of its charter authority. This opinion is based upon the doctrine of agency and for reasons of public policy, neither of which may be invoked in the argument of this case. The court did not even suggest the converse proposition, that an action against the lessee would lie for an act of negligence committed by the lessor before the lease was made, a rule sought to be applied in this case.

It appearing from the undisputed evidence that the embankment, which it is alleged caused the damage complained of, was constructed by the Madison Railway Company, and not by appellee, and that no claim or notice was served upon appellee prior to the commencement of this suit, the Circuit Court did not err in taking the case from the jury. The judgment will therefore be affirmed.

*Affirmed.*