## JOHN TETHERINGTON

*v.*

## THE ST. LOUIS, TROY AND EASTERN RAILROAD COMPANY.

*Opinion filed February 21, 1907—Rehearing denied April 4, 1907.*

1. RAILROADS—*railroad is liable for overflow though it did not build original embankment.* Section 19 of the Railroad act, requiring necessary culverts to be put in when constructing a road-bed, applies not only to the railroad which builds the road-bed but also to the company subsequently acquiring it, and if the latter, after the water from a water-course breaks through the road-bed, rebuilds the road-bed solidly without making provision for the future escape of water, it is liable for the subsequent flooding of farm lands due to the obstruction. (*Groff* v. *Ankenbrandt,* 124 Ill. 51, distinguished.)

2. SAME—*when notice to remove embankment is not essential.* Where a railroad company, with full knowledge that its embankment obstructing a water-course causes water to back up and flood farm lands, continues its violation of the statute by neglecting to make an opening in the embankment to allow free passage of the water, there is no presumption of a settlement with the land owner or that he has acquiesced in the obstruction, and it is not a condition precedent to bringing suit for damages for flooding his land that he give notice to the railroad company to abate the nuisance.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. B. R. BURROUGHS, Judge, presiding.

This is an action on the case in the circuit court of Madison county by the plaintiff, John Tetherington, against the defendant, the St. Louis, Troy and Eastern Railroad Company, to recover damages to his lands by reason of overflow.

226—9

The original declaration alleged·that plaintiff was the owner of one hundred acres of land in Madison county and the defendant was possessed of a certain right of way along and near the north line thereof; that on or about June 1, 1900,·the defendant wrongfully and unlawfully erected and built a certain levee or embankment along and upon said right of way, six feet high, thirty feet wide and more than one mile long, without sufficient openings therein to permit the free passage of water which flowed naturally through Hadley branch, which extended across said land, whereby said water was obstructed and diverted from its natural course and ran and flowed in a different direction on and upon said land and there remained for a long time, whereby said land was greatly damaged and injured and became swampy and to a great extent unfit for cultivation. Defendant demurred to the declaration, which demurrer was overruled, and a plea of not guilty was filed.

At the close of plaintiff's evidence the· defendant asked the court to instruct the jury to find it not guilty, which the court refused to do. At the close of all of the evidence plaintiff was given leave to file an amended declaration, which was substantially the same as the original, with the additional allegation that on March 4, 1904, defendant was operating a railroad over the embankment above described; that a freshet occurred, and the overflow from Hadley branch broke through the embankment and washed out about sixty feet of the same; that the defendant wrongfully re-built said road-bed or embankment without leaving any openings to permit the free passage of water which naturally flowed through the same; that on divers and sundry days thereafter said embankment again washed out in places and was again solidly re-built, and the defendant continued to maintain the same, whereby the water continued to be backed up upon plaintiff's land, to his damage as aforesaid. After the amended declaration had been filed defendant renewed its motion to instruct the jury. to find it not guilty,

which was allowed and judgment rendered accordingly. That judgment has been affirmed by the Appellate Court, and a further appeal prosecuted to this court.

W. E. HADLEY, W. E. WHEELER, and C. H. BURTON, for appellant.

WARNOCK, WILLIAMSON & BURROUGHS, (FORMAN & WHITNEL, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The evidence shows that the plaintiff's farm was located in what is known as the "American bottom," about one-half mile west of the high bluffs which are supposed to have constituted the east bank of the Mississippi river. Hadley branch is a natural water-course, which has its source about five miles north-east of plaintiff's farm and runs through a very broken country. When it overflowed its banks the water ran in a westerly and north-westerly direction across lands east of plaintiff and across the north-easterly part of plaintiff's farm and onto a tract owned by one Wendler, and thence in a northerly direction into Cahokia creek. It is claimed by plaintiff that before the embankment described in his declaration was built the overflow waters from Hadley branch ran off very quickly and left his farm dry and easy of cultivation. In the summer of 1899 the evidence shows the railroad embankment upon the right of way was built by the Madison Railway Company, and in December of the same year the railroad was conveyed to the defendant company. The embankment, as constructed, was solid, leaving no opening for the natural flow of water, and consequently it backed upon plaintiff's lands, covering them with water, and also surrounding his house and barn to a depth of several feet. On different occasions after the building of the embankment the water broke an opening through the same, and at one of these times an engine and several cars belong-

ing to the defendant company went into the opening and remained there for several days. Each time when the water broke through the embankment the defendant repaired or re-built it without providing any openings whatever for the escape of the water.

It is admitted the case was taken from the jury for the reason that there was no evidence showing or tending to show that the embankment was constructed by defendant, but was built by the Madison Railway Company and subsequently transferred to the defendant, and that prior to the commencement of the suit no notice had been served upon the defendant company to abate the nuisance thus created, and that without proof of such notice plaintiff could not recover, and the correctness of this proposition is the first question for consideration and decision upon this appeal. In support of the rule announced, the defendant cites *Groff* v. *Ankenbrandt*, 124 Ill. 51, and *Philadelphia Railroad Co.* v. *Smith*, 64 Fed. Rep. 679, and refers to *Wabash Railroad Co.* v. *Sanders*, 47 Ill. App. 436.

While there is some conflict in the decisions, this court has recognized the rule that where a party comes into possession of lands, as grantee or lessee, with an existing nuisance upon them, he cannot be held liable to an action for damages until he has been first notified to remove the same, following the *Penruddock case*, 5 Coke, 101, and later decisions in this country, cited in 124 Ill. 51. We are not disposed to depart from that rule, but we do not regard it as applicable to the facts of this case. In 1891 the General Assembly of this State passed an act authorizing the incorporation of railroad companies. (Hurd's Stat. 1905, chap. 114.) Section 19 of that act provides: "Every corporation formed under this act shall, in addition to the powers hereinbefore conferred, have power: * * * Fifth—To construct its railway across, along or upon any stream of water, water-course, street, highway, plank road, turnpike or canal, which the route of such railway shall intersect or touch;

but such corporation shall restore the stream, water-course, street, highway, plank road and turnpike thus intersected or touched, to its former state, or to such state as not unnecessarily to have impaired its usefulness, and keep such crossing in repair: *Provided,* that in no case shall any railroad company construct a road-bed without first constructing the necessary culverts or sluices, as the natural lay of the land requires for the necessary drainage thereof."

This section, we think, changed the rule of law with reference to nuisances as held in the *Groff case, supra,*—at least in so far as applied to railroads constructed after the passage of the act. It is a public law, and in positive and express terms prohibits any railroad company, after the passage of the act, from constructing its road until it shall have provided all necessary culverts and sluices to take care of the water which naturally drained through the land covered by the right of way. The performance of that duty became a condition precedent to the building of the railroad. The foregoing statute was passed in 1891, and the railroad, with the obstruction, was built in the summer of 1899 by the Madison Railway Company. In violation of the express terms of the statute the Madison Railway Company failed and neglected to construct necessary culverts or sluices to protect the lands of adjoining owners against overflow. At the time of the sale, in December, 1899, to the defendant the same condition existed, which was open to the plain observation of defendant, and it knew, or might have known, that its grantor had violated the law; also, if it continued to maintain the embankment without such necessary culverts or sluices it would itself become a violator of the law and liable accordingly. The statute imposed a continuing duty not only upon the original builder of the railroad, but also upon its grantees or lessees who maintained the obstruction after it was built. The evidence also shows that after the railroad was constructed, and while the defendant company was operating it, the water continued to back up onto the

lands of the plaintiff and of others in the immediate neighborhood. The agents and servants of the defendant had knowledge of this condition, and on several occasions the water became so high as to wash out many feet of the embankment. In violation of the statutory duty imposed upon it, on these occasions the embankment was re-built without any openings through it, thus confining the water, giving it no opportunity to escape. We see no reason why these several re-constructions should not be treated as the creation of original nuisances and independent violations.

But it is earnestly contended that any knowledge the defendant may have had that the embankment obstructed the flow of the water would not supersede the requirement of notice, and such notice would be necessary to rebut the presumption of acquiescence, or that the plaintiff had made a settlement with the defendant for any damages occasioned by the construction of the embankment in violation of the statute. In support of the position several cases are cited, but an examination of them shows that they are not such as are governed by a statute requiring, as a condition precedent to the building of the road, that proper provisions should be made for the natural flow of the water. Where there is a continuous violation of the positive provisions of a statute there is no presumption of previous settlement or that the party injured has been barred by acquiescence. The burden, under such circumstances, is upon the defendant to affirmatively show facts excusing the failure to comply with the statute.

The judgments of both the Appellate Court and the circuit court will be reversed and the cause remanded to the circuit court for further proceedings in accordance with the views herein expressed.    *Reversed and remanded.*