Nevois v. St. L., Iron Mountain & Southern Ry. Co., 147 App. 113.

clearly stated and repeated by a number of instruc-
tions given, and we are of opinion that the jury was
not misled or influenced to the appellant's prejudice
by the erroneous instruction given. Nothing appears
to indicate that the jury was moved by passion or prej-
udice, or that the verdict is not the result of a fair,
impartial and conscientious consideration of the evi-
dence submitted. Appellant had a fair trial of his
case, two juries have found adversely to his claim, and
we think the judgment should stand.

If for no other reason, the judgment would be af-
firmed because it is not shown by the abstract what
objections were made by a motion for new trial, or
that exceptions were preserved to the court's action
in overruling the motion for a new trial and in render-
ing judgment on the verdict. It has frequently been
held that an objection or exception not appearing from
the abstract to have been made and preserved in the
lower court, may not be considered on appeal. Carey
v. Walsh, 92 Ill. App. 89, and cases there cited. The
judgment of the Circuit Court will be affirmed.

*Affirmed.*

----

## Edmond S. Nevois, Appellee, v. St. Louis, Iron Mount-ain & Southern Railway Company, Appellant.

1. VERDICTS—*when not disturbed.* A verdict not manifestly
against the weight of the evidence will not be set aside on review
in the absence of errors of law.

2. RAILROADS—*duty to construct culverts.* The statutory duty
of a railroad company in constructing its road-bed to provide cul-
verts and sluices necessary for natural drainage is a continuing
duty imposed by law upon the grantees or the lessees of the original
builder, and prior notice and complaint of defective construction
is not required as foundation for an action.

3. EVIDENCE—*when use of memorandum will not reverse.* Even
though the court may have improperly permitted a witness to use

a memorandum in testifying to questions of damage, a reversal will not be ordered where no prejudice appears to have resulted.

Trespass on the case. Appeal from the Circuit Court of Randolph county; the Hon. B. R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

R. E. SPRIGG, H. L. BROWNING and L. O. WHITNEL, for appellant.

A. E. CRISLER, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This suit was brought by appellee against appellant to recover damages alleged to have been sustained by him by reason of the construction and maintenance of a railroad embankment and bridge, without providing sufficient waterways to accommodate the overflow and natural drainage of Barbeau Creek, which is a small creek rising on top of the bluffs, and running along the northwest side of appellee's land and under embankment through a railroad bridge known as No. 61. Pleadings consisted of declaration and general issue. Trial by jury resulted in verdict for appellee for $1204.95. Motion for new trial denied and judgment rendered on the verdict. Appellant thereupon excepted and appealed to this court.

Appellee owns 156 acres of land lying on the southeast side of Barbeau Creek. The railroad crosses this land at right angles with the creek. A thousand feet southeast of the bridge is a two-foot tile opening through the railroad embankment, for drainage purposes. The railroad embankment, bridge and tile were constructed and owned by the St. Louis Valley Railway in 1901, and in the spring of 1903, the railroad was sold to, and since that time has been operated by appellant, no change having been made in its construction, with the exception, that chat has been replaced under the ties where they sunk in the embankment. Barbeau

Creek naturally flows southwest, out of a hollow in the bluffs, and along the upper or northwesterly side of appellee's land, through the railroad bridge mentioned, and across the right of way of appellant, continuing southwest therefrom until it reaches its natural outlet in the Mississippi River.

The evidence tends to prove the allegations of the declaration and the damages allowed, and we cannot say that the verdict is manifestly against the weight of evidence, so that it only remains to determine whether or not there is error of record to justify a reversal of the judgment.

The complaint of appellant that appellee claimed and recovered damages for crops for the year 1904, which he did not own, is not borne out by the record. Appellee bought 54 acres of the 156-acre tract and went into possession thereof in March, 1904. He claims and proves loss of corn and clover seed planted by him that season, but makes no claim, nor was he allowed, for the loss of 27 acres of wheat on the 54 acres, which belonged to, and was harvested by, a tenant of appellee's grantor.

The fact that the embankment and trestle were built by the St. Louis Valley Railway, the grantor of appellant, will not avail as a defense, for the Supreme Court in Tetherington v. St. L. T. & E. R. R. Co., 226 Ill. 129, has declared, that the statutory duty of a railroad company in constructing its roadbed, to provide culverts and sluices necessary for natural drainage, is a continuing duty, imposed by law upon the grantees or lessees of the original builder, and that prior notice and complaint of defective construction is not required as foundation for an action. Complaint is made and argument elaborated, that appellee was permitted to testify from a memorandum or statement of the damages claimed, and that afterwards, over the objection of appellant, the court permitted the memorandum to go to the jury. We do not find in the abstract that any objection was interposed to the testimony so given,

though appellee was fully examined and cross-examined respecting every detail set out in the memorandum and concerning which his independent recollection, judgment, and estimate as to the correctness of the several items was thoroughly sounded. It was no more than a tabulated statement of appellee's testimony which was in no way contradicted by other evidence in the case. We are therefore of opinion that it was not harmful error to allow the memorandum in evidence. Appellant offered no evidence upon the question of damages, relying wholly upon the defense that there was no liability whatever.

The objection to appellee's given instruction No. 1, is fully met by the Supreme Court in O. & M. Ry. Co. v. Thillman, 143 Ill. 127, wherein an instruction, identical in language, was approved. The damages allowed are undisputed in the evidence, and no theory is presented upon which the court may say that they are excessive in amount. The judgment must be affirmed.

*Affirmed.*