## Martin Flennor, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

1. DAMAGES—*when notice to remove obstruction essential to recovery.* If the embankment in question was originally constructed by a company other than the defendant and that embankment created a nuisance or obstruction of the natural flow of water and said obstruction continued after the acquirement of the right of way by the defendant company, before the plaintiff can recover he must show that the defendant had notice of such condition and that a demand had been made upon the defendant to remove the same.

2. DAMAGES—*right to recover for continuing nuisance.* Where damages occur by reason of a continuing nuisance a new cause of action is created whenever the loss or damage is occasioned by reason of the continuance of such nuisance.

3. INSTRUCTIONS—*must not exclude theories.* Instructions must not exclude from the jury the consideration of theories of recovery relied upon in the declaration which the evidence tends to sustain.

Appeal from the Circuit Court of Coles county; the HON. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1910. Reversed and remanded. Opinion filed October 14, 1911. Rehearing denied and opinion modified November 7, 1911.

H. A. NEAL, for appellant; L. J. HACKNEY and GEORGE B. GILLESPIE, of counsel.

ALBERT C. ANDERSON, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

Flennor v. C. C. C. & St. L. Ry., 163 Ill. App. 536.

This is an action brought by plaintiff against defendant to recover damages for the obstruction of a natural flow of water on plaintiff's land across the right of way of the defendant railroad company, by reason of which it is alleged the water accumulated upon the plaintiff's land and destroyed and injured his crops. The trial below resulted in a judgment against defendant for $175, from which defendant prosecutes this appeal.

The embankment of defendant's railroad which it is claimed caused the obstruction to the natural flow of water was erected at the time of the construction of the railroad some fifty years ago. At the time of the construction of this railroad, plaintiff's father was the owner of the land and continued to own it until 1886 when it was conveyed to the plaintiff. Defendant acquired the right of way and the possession of the tract long after the original construction of the embankment, and insists that it is not liable in this action.

The original declaration contains four counts based upon alleged losses by plaintiff by fire occasioned by the negligence of the defendant railroad company. These counts were withdrawn by plaintiff before the cause was submitted to the jury, and defendant insists that upon the dismissal of these counts a judgment should have been rendered as to them against plaintiff for costs and that failure to do so was error. While the contention of defendant upon this question is correct, there is nothing in the record to show that defendant was in any manner damaged by reason of the failure of the court to render such judgment. Under the present statutes, there was no additional clerk's or sheriff's costs occasioned by reason of these counts being in the declaration, and the record does not disclose that any witnesses were summoned upon this question or that any costs were taxed against defendant by reason of these counts in the declaration and so far as the record discloses, defendant has sustained no injury or damage

by reason of the failure of the court to render such judgment.

The fifth and sixth counts are virtually the same and charge the construction of said railroad embankment by the railroad company previously owning the same and the improper construction of the embankment by the railroad company whereby the flow of water across the plaintiff's land was obstructed. These counts aver notice to the defendant company to remove said obstruction and that after such notice defendant wholly failed and neglected to remove the obstruction.

The seventh count avers the ownership in the defendant of the embankment and the maintenance and operation of the railroad across the farm of the plaintiff and avers the maintenance of said embankment without proper and sufficient culverts or sluiceways or other openings to permit the natural flow of water. This count also avers that defendant by artificial means has caused large bodies of water to fall and deflect from its right of way and to flow upon the land of the plaintiff, to the damage of the plaintiff.

The additional count filed avers the original construction of the embankment and that in its construction there was a culvert to permit the passage of water in the natural watercourse from and off of plaintiff's land but that defendant closed up said culvert or opening and provided no sufficient means for the flowing of the water which had flowed through said opening and that by reason thereof large bodies of water collected, etc., to the damage of the plaintiff.

The record discloses that the embankment of this railroad was constructed by other parties, that the defendant had nothing whatever to do with the original construction of this embankment, and that all its rights in the property which it now owns and operates across the plaintiff's farm were acquired long after the original construction of the railroad. The record further discloses that the water would naturally flow from

plaintiff's land across and through defendant's right of way if a sufficient culvert or outlet was provided therein, but that there is no such outlet and that by reason thereof the natural flow of the water off from plaintiff's land is obstructed.

The contention of the defendant that if the embankment was originally constructed by a former company and that that embankment created a nuisance or obstruction to the natural flow of the water and that said obstruction has continued after the acquirement of the right of way by the defendant railroad company, before the plaintiff can recover he must show that the defendant had notice of such condition and that a demand had been made upon the defendant company to remove same, is well founded. Groff v. Ankenbrandt, 124 Ill. 51; Wabash R. R. Co. v. Sanders, 47 Ill. App. 436.

The record does not disclose that any notice of the conditions along this right of way at the point complained of was given to the defendant company or that any demand was made by plaintiff upon defendant to remove the conditions or the nuisance thus occasioned. The letters offered in evidence in support of the contention that notice was given and demand made are not sufficient for that purpose.

The contention of the defendant that the railroad embankment was not constructed by it or that all of the conditions that existed at the time of the commencement of this action, the damage or injury complained of, were produced at the time of the original construction of the embankment and have continued from that time to the present and that by reason thereof defendant is not liable, is not tenable. It has been frequently held that where damages occur as shown by this record by reason of the continuing of a nuisance, a new cause of action is created whenever the loss or damage is occasioned by reason of the continuance of such nuisance.

Ramey v. B. & O. S. W. R. R. Co., 235 Ill. 502; O. & M. R. R. Co. v. Thillman, 143 Ill. 133.

Complaint is made of the instruction given on behalf of plaintiff and of those requested by defendant and refused. The instruction given on behalf of plaintiff and which is criticized by defendant is erroneous in not requiring that it was incumbent upon the plaintiff to prove the notice to the defendant and a demand for the removal and abatement of the nuisance under the fifth, sixth and seventh counts of the declaration. This was a material averment in the declaration and the instruction did not require that plaintiff should maintain the averment by proof to be entitled to a recovery.

Complaint is made of the refusal to give instructions numbered 2 and 4 requested by defendants.

These instructions were properly refused for the reason that instruction No. 2 does not permit a recovery even if proof of notice and demand for abatement of a nuisance had been made. No. 4 is bad for the reason that it does not cover all the allegations of the 7th count on which a recovery is based. This count states two causes of action, one on account of the original manner of the construction of the embankment and its continued maintenance, the other on account of damages by reason of ditches and other artificial means constructed by defendant. This instruction only relates to the averments in this count concerning the construction of ditches and other artificial means, yet denies a recovery regardless of what the proof might have been as to the other averments in this count.

For the error indicated in giving the instruction on behalf of plaintiff the judgment must be reversed and the cause remanded.

*Reversed and remanded.*